[No. 8,938. Department One.—March 19, 1885.]

JAMES HEALY, RESPONDENT, *v.* MATTHIAS O'BRIEN ET AL., APPELLANTS.

EJECTMENT—DEED AS SECURITY—MORTGAGE JUDGMENT.—In an action of ejectment, where the answer avers that the deed under which the plaintiff deraigns title was intended as a mortgage to secure a debt due to the plaintiff, and seeks a redemption of the premises, the judgment should provide for the payment of the mortgage debt within a designated time, and in default thereof that the property be sold, and the proceeds applied to such payment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of the court.

*George D. Shadburne*, for Appellants.

A deed absolute in form, given to secure the payment of a debt, is regarded in equity as a mortgage, although the defeasance rests wholly in parol. (*Campbell* v. *Worthington*, 6 Vt. 448; *Baxter* v. *Willey*, 9 Vt. 280; *Wright* v. *Bates*, 13 Vt. 348; *Mott* v. *Harrington*, 12 Vt. 199; *Bacon* v. *Brown*, 19 Conn. 29; *Brainerd* v. *Brainerd*, 15 Conn. 575; *Taylor* v. *Luther*, 2 Sumn. 228; *Morris* v. *Nixon*, 1 How. 127; *Wells* v. *Morrow*, 38 Ala. 125; *Brown* v. *Wright*, 4 Yerg. 57; *Ruggles* v. *Williams*, 1 Head, 141; *Nickson* v. *Toney*, 3 Head, 655; *Hinson* v. *Partee*, 11 Hump. 587; *Anthony* v. *Anthony*, 23 Ark. 479; *Hovey* v. *Holcomb*, 11 Ill. 660; *Coates* v. *Woodworth*, 13 Ill. 654; *Delahay* v. *McConnell*, 4 Scan. 156; *Bank, etc.*, v. *Whyte*, 3 Md. Ch. 508; *Stamper* v. *Johnson*, 3 Tex. 1; *Carter* v. *Carter*, 5 Tex. 93; *Lee* v. *Evans*, 8 Cal. 424; *Lodge* v. *Turman*,

24 Cal. 385 ; *Jackson* v. *Lodge*, 36 Cal. 28 ; *Spencer* v. *Tredendall*, 15 Wis. 666.) Where real estate is conveyed by an absolute deed as security for a debt, the grantor cannot be deprived of his right to redeem. (*Richardson* v. *Barrick*, 16 Iowa, 407; *De Camp* v. *Crane*, 4 Greene, 166; *Holliday* v. *Arthur*, 25 Iowa, 19 ; *Phœnix* v. *Gardner*, 13 Minn. 430; *Bingham* v. *Thompson*, 4 Nev. 224 ; 1 Hilliard on Mort., § 1 ; *Spurgeon* v. *Collier*, 1 Eden, 59 ; *Vernon* v. *Bethell*, 2 Eden, 113.) A mortgage is a mere security, and does not vest in the mortgagee any estate in the land, either before or after condition broken. (*Johnson* v. *Sherman*, 15 Cal. 287 ; *Goodnenow* v. *Ewer*, 16 Cal. 461 ; *Fogarty* v. *Sawyer*, 17 Cal. 589 ; *Dutton* v. *Warschauer*, 21 Cal. 609 ; *Kidd* v. *Teeple*, 22 Cal. 255 ; *Bludworth* v. *Lake*, 33 Cal. 264; *Heyland* v. *Badger*, 35 Cal. 404; *Jackson* v. *Lodge*, 36 Cal. 28 ; *Mack* v. *Wetzlar*, 39 Cal. 247 ; *Whitmore* v. *S. F. Savings Union*, 50 Cal. 150 ; *Taylor* v. *McLain*, 64 Cal. 513.) A mortgagee cannot in any case become the owner of the mortgaged premises, except by purchase upon sale under judicial decree, consummated by conveyance. (*McMillan* v. *Richards*, 9 Cal. 365.)

*McAllister & Bergin*, and *J. J. Boland*, for Respondent.

Although a deed absolute in form, which was intended as a mortgage, may be controlled by a court of equity, and adjudged to constitute a mortgage only, yet until so adjudged the legal title passes to a grantee, and must prevail in an action of ejectment. (*Espinoza* v. *Gregory*, 40 Cal. 58 ; *Hughes* v. *Davis*, 40 Cal. 120.) Where, however, application is properly made, while the court will declare the instrument to be a mortgage and treat it accordingly, and allow redemption within a time limited therefor, it likewise does complete justice by awarding possession in default of redemption within the time limited. (*Keller* v. *Lewis*, 53 Cal. 112; *Barsolou* v. *Newton*, 63 Cal. 227 ; *Taylor* v. *McLain*, 64 Cal. 513.)

Ross, J.—The action is ejectment, based on a deed from the owners of the property, absolute in form. The answer of the defendants, who are husband and wife, denies the alleged ownership of the plaintiff, and then sets up that although absolute

in form, the deed was given only as security for certain moneys, to be and which were advanced by the plaintiff to the defendant, Matthias O'Brien; states the terms of the agreement under which the moneys were so advanced, alleges the willingness and readiness of the defendants to carry out the contract, and prays, among other things, that the deed be decreed a mortgage, and for such other and further relief as to the court seems proper. After trial, the court below found that the deed was given as security only, for certain moneys to be advanced to and for the use and benefit of the defendant, and which moneys were so advanced by the plaintiff, and amounted to the sum of three thousand dollars, which sum is, and has been, according to the findings, due and owing from defendants to plaintiff, with interest thereon at the rate of ten per cent. per annum, from the first day of February, 1879. The decree of the court below is to the effect that upon the payment to the plaintiff by the defendants of the said sum of money and interest, within three months after the entry of the decree, plaintiff execute to defendants a good and sufficient deed to the property, and that in the event defendants neglect or refuse to make the payment within the time designated, " then and in that event the affirmative relief demanded by said defendants be denied, and that their bill asking for the same be dismissed."

Neither party is satisfied with the decree as entered, and it is quite clear that it is not the proper decree. For the plaintiff, who is the respondent here, it is claimed that the decree should be modified, by directing that it provide that on failure of the defendants to pay the money within the time specified, a writ of possession issue to put the plaintiff in possession of the property. But a little reflection will show that position to be untenable. If the deed had been what it purported to be, a deed absolute from the owners of the property, the legal title would, of course, have passed to the plaintiff, and the judgment would have been that the plaintiff recover possession of the property from the defendants. But when the court found that the deed was given. only as security for money loaned, it found in effect that it was but a mortgage, and that it did not pass the legal title to the plaintiff. (*Taylor* v. *McLain,* 64 Cal. 513.) If, therefore, defendants had rested only on their denial of the plaintiff's

alleged ownership of the property, judgment must have passed for the defendants. But they went further, and filed what was treated by the parties and the court below as a bill to redeem. We are, therefore, not only justified in treating the pleading in the same way, but do so the more readily because, under any other view, the defendants might escape the payment of the money which they clearly and admittedly owe the plaintiff, by reason of the statute of limitations having run against an action by the plaintiff for the foreclosure of the mortgage. Treating the defendants' answer as the court below did, as a bill to redeem, the court properly designated a time within which, if the defendants paid the money, they should be entitled to a deed from the plaintiff; but instead of providing that in default of such payment " the affirmative relief demanded by said defendants be denied, and that their bill asking the same be dismissed," it should have provided for a sale of the mortgaged premises to pay the mortgage debt.

No costs on this appeal will be recovered by either party.

Order denying new trial affirmed, and cause remanded, with directions to the court below to modify the judgment in accordance with the views here expressed.

McKee, J., and McKinstry, J., concurred.