[No. 2563. Decided April 28, 1898.]

# W. M. SNYDER, *Appellant*, v. ROBERT PARKER, *Respondent.*

APPEAL — SUFFICIENCY OF EVIDENCE — EQUITABLE MORTGAGE — EJECT-
MENT.

The verdict of a jury finding that a deed absolute in form is in fact a mortgage will not be disturbed, when there is substantial testimony upon which to base the verdict.

A deed absolute in form, but intended as a mortgage to secure a debt, passes no title to the grantee, and hence does not afford such title as to uphold an action of ejectment.

Appeal from Superior Court, Snohomish County.—Hon. FRANK T. REID, Judge. Affirmed.

*Coleman & Hart,* for appellant.
*George E. Banks,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Action to recover possession of land. Appellant claimed title under a warranty deed executed October 1, 1895. The deed was absolute in form. The complaint alleged that on the first of October, 1895, appellant leased the premises to respondent for a term of one year and that the term had expired and respondent refused to surrender possession. Respondent answered, denying appellant's title and setting up that the deed, though absolute in form, was in fact a mortgage to secure the payment of a debt. The action was tried with a jury and a verdict was returned in favor of respondent. A motion was made for a new trial and denied, and judgment entered upon the verdict, from which appeal is taken. The principal error assigned is denying appellant's motion for judgment on the evidence. We have examined the evidence brought up in

the record and cannot conclude there is not sufficient to justify the verdict of the jury. Respondent was in possession of the premises at the time of the execution of the instrument. There seems to have been no stipulation relative to possession between the parties at the time of its execution. It was not to be recorded for six months after its execution for the reason that respondent might have an opportunity to negotiate a loan or execute a mortgage upon the premises to pay the debt for which the deed was executed. Respondent testified that the deed was executed to secure a debt; appellant on the contrary that it was executed in payment of the debt. There was a written memorandum, unsigned, but upon the envelope enclosing the deed, which was delivered to the appellant at the time of its execution, which recited that the deed was to be delivered to respondent by appellant upon the payment by respondent to the First National Bank of Snohomish of the sum of $1,018.80, with interest thereon at one per cent. per month from March 27, 1894, and the further sum of $100 attorneys' fees in a suit of respondent against one Stevens within one year from the same date, and also that the deed was not to be recorded within six months of the date, unless respondent died. The bank mentioned also held a mortgage executed by Stevens to respondent as collateral security for the same debt. Under the terms of the memorandum this mortgage was to be reassigned by the bank to respondent upon payment of the sum mentioned. The debt was evidenced by a promissory note which was not canceled. We are not satisfied that there is any error in the instructions of the superior court to the jury, and there was substantial testimony upon which the jury found that the instrument, although absolute in form, was in fact a mortgage.

The only remaining question is the legal effect of such an instrument. Appellant has cited some early California

cases, particularly that of *Hughes v. Davis*, 40 Cal. 117, to maintain the proposition that a mortgage in the form of an absolute deed conveys the legal title to the grantee. But the later cases from California do not sustain such doctrine. In *Healy v. O'Brien*, 66 Cal. 517 (6 Pac. 386), the court says, when the deed sued on in ejectment is shown to be a mortgage, if answer seeks to redeem, judgment should provide for foreclosure and sale. In *Smith v. Smith*, 80 Cal. 323 (21 Pac. 4), the court said:

" It is the settled rule in California that if a deed absolute in form was made merely to secure the payment of money to the grantee, it is a mortgage, and does not pass the title. Such a deed gives a mere lien upon the property just as if the parties had put their agreement in the form of a mortgage, and consequently does not give the right of possession to the grantee."

The same views are expressed in *Murdock v. Clarke*, 90 Cal. 427 (27 Pac. 275). 1 Jones on Mortgages, § 20, cites authorities and comes to the conclusion that

" Even an absolute deed without any defeasance, if in fact made to secure a debt, so that in equity it is a mortgage, passes no title to the grantee."

See, also, §§ 669 and 717. The statute of this state, 2 Hill's Code, § 539 (Bal. Code, § 5516) declares:

" A mortgage of real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property, without a foreclosure and sale according to law."

It is an elementary principle that in ejectment the plaintiff must recover on the strength of his own title. The instrument in suit having been found a mortgage, appellant should not recover possession under its terms.

The judgment of the superior court is affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.