[No. 7690. Decided April 13, 1909.]

A. H. CLAMBEY et al., Appellants, v. D. L. COPLAND et al., Respondents.[1]

APPEAL—REVIEW—FINDINGS OF FACT—SUFFICIENCY. In the absence of the evidence, a finding of fact that a deed was given and intended as security for a debt is not bad as a conclusion of law.

SAME—FINDINGS IN EQUITY—NECESSITY. Incomplete or defective findings are not ground for reversal in an equity case, since no findings are necessary to support the decree.

EVIDENCE—PAROL VARYING WRITING—DEED AND OPTION GIVEN AS MORTGAGE. Where a deed was given as security for a debt, the grantee giving back to the grantor an "option to purchase," oral evidence showing that the intent of the parties was to consider the two instruments as a mortgage is not inadmissible as varying the terms of the written option.

QUIETING TITLE—DEEDS INTENDED AS MORTGAGE—ISSUES—JUDGMENT—UNNECESSARY PARTIES. Where the owners of premises had successively given two deeds thereof to secure debts to different parties, an action brought by the first grantee against the second grantee to remove the cloud of the latter's deed is properly dismissed, where it is shown that both deeds were intended as mortgages; and it is immaterial that the mortgagors were not parties to the action.

Appeal from a judgment of the superior court for King county, Morris, J., entered April 16, 1908, upon findings in favor of the defendants, in an action to quiet title. Affirmed.

S. S. Langland and O. E. Sauter, for appellants.
Charles A. Riddle, for respondents.

PARKER, J.—This is an action prosecuted by the appellants, plaintiffs below, to remove a cloud upon and quiet title to lot 2, block 16, of Central Seattle. The matters presented for our consideration involve only the correctness of the

[1]Reported in 100 Pac. 1031.

trial court's conclusions of law and decree rendered upon the findings of fact, none of the evidence having been brought into the record by statement of facts or bill of exceptions.

From the court's findings of fact, it appears that on November 17, 1903, Charles P. Downer and wife became indebted to the plaintiff A. H. Clambey in the sum of $300, and being the owners of the premises in question, executed and delivered to him a deed therefor as security for the payment of such indebtedness, and not otherwise, which deed was duly recorded in the office of the auditor of King county. Contemporaneously with the execution and delivery of the deed, the plaintiff A. H. Clambey executed and delivered back to Charles P. Downer the following instrument in writing:

"OPTION TO PURCHASE.

"A. H. Clambey, of Seattle, Washington, does hereby give an option to Charles P. Downer of same place to purchase Lot Two (2) Block Sixteen (16) in Central Seattle, King county, state of Washington, according to the plat on file and of record in the office of the county auditor of said county and state for a purchase price of three hundred and sixty dollars (360.00) to be paid as follows:

| December | 17, 1903 | $30.00 |
| January | 17, 1904 | 30.00 |
| February | 17, 1904 | 30.00 |
| March | 17, 1904 | 30.00 |
| April | 17, 1904 | 30.00 |
| May | 17, 1904 | 30.00 |
| June | 17, 1904 | 30.00 |
| July | 17, 1904 | 30.00 |
| August | 17, 1904 | 30.00 |
| September | 17, 1904 | 30.00 |
| October | 17, 1904 | 30.00 |
| November | 17, 1904 | 30.00 |

"It is hereby expressly and mutually understood that should said Charles P. Downer fail to meet any of the payments promptly when due, expires this option and money paid forfeited.

"Dated Seattle, Washington, November 17th, 1903.

"A. H. Clambey."

Thereafter Downer continued to exercise ownership and dominion over the premises. About January 1, 1904, Downer not having made any of the payments provided for in the latter instrument, returned it to plaintiffs, giving them notice that he refused to comply with its terms.

On February 27, 1904, Downer and wife executed and delivered to the defendant D. L. Copland a second deed for the same premises, which was duly recorded in the office of the auditor of King county; which deed was given for the purpose of securing the payment of a debt evidenced by a $400 promissory note, executed September 10th, 1903, by Downer and wife to Georgina Copland, which had by assignment become the property of the defendant D. L. Copland. Both of these notes remain unpaid, and no action has been commenced upon either of them, or to foreclose upon the premises pledged as security therefor by the two deeds. Prior to the commencement of this action, the defendant D. L. Copland offered to pay to the plaintiffs all the indebtedness due them from Charles P. Downer, with interest, including taxes and other legal charges paid out by them upon the premises, which plaintiffs have at all times refused to accept.

Upon these facts, the learned trial court concluded, as matters of law, that the deed given by Downer and wife to the plaintiff A. H. Clambey, November 17, 1903, was intended by the parties thereto as, and at all times was and is, a mortgage; and that the second deed given by Downer and wife to the defendant D. L. Copland on February 27, 1904, was intended by the parties thereto as a mortgage, and thereupon made and entered its decree accordingly, denying the relief prayed for by plaintiffs.

It is contended by attorneys for the appellants that the deed from Downer and wife to Clambey was held by the learned trial court to be in effect a mortgage, upon the deed and the contemporaneous so-called "Option to purchase," and upon no other facts; and that the court's general finding of fact that the deed was given "as a security . . . and

not otherwise" is a mere conclusion of law, there being no detail facts or circumstances found from which such a conclusion could be drawn. And, with this as their premise, they argue that these two instruments, standing alone, do not warrant the conclusion that the deed was in legal effect only a mortgage.

We are unable to agree with the contention that the general finding to the effect that the deed was given as security, and not otherwise, is a mere conclusion of law. It probably was based upon detailed facts and circumstances shown by the evidence; and in this respect it may be in a sense a conclusion of fact, as are practically all findings of fact except such as are clothed in the very words of the evidence on which they are based. It is the ultimate or general fact found. In the absence of the evidence, which is not here for our review, we must conclude that this finding is a correct statement of the intention of the parties to the deed. *Rathbun v. Thurston County*, 2 Wash. 564, 27 Pac. 448; *Ferry v. King County*, 2 Wash. 337, 26 Pac. 537. Besides, this is a suit in equity, and as has been held by this court no formal findings are necessary to support the decree. (*White Crest Canning Co. v. Sims*, 30 Wash. 374, 70 Pac. 1003); from which it follows that incomplete or defective findings of fact will not render the decree erroneous unless it affirmatively so appears therefrom. *Slyfield v. Willard*, 43 Wash. 179, 86 Pac. 392; *Gould v. Austin, ante* p. 457, 100 Pac. 1029.

It is argued that the holding of the trial court violates the rule that a written contract cannot be varied or contradicted by oral testimony. Counsel concede that oral testimony to prove an instrument, on its face a deed, to be a mortgage, is a well-known exception to the rule; but contend that this option to purchase is an entire contract within itself, and cannot be so varied or contradicted; citing *Pease v. Baxter*, 12 Wash. 567, 41 Pac. 899. But in that case this court was dealing with a written contract for the sale of land containing provisions for the forfeiture of the purchaser's rights

upon failure to comply with conditions therein expressed, which contract constituted the entire agreement of the parties, and being in writing, of course could not be varied or contradicted by oral testimony. In the case before us, this so-called "option to purchase" is not the instrument that is being varied. It is only evidence, together with other evidence—which we must conclude was sufficient—showing that the deed was intended by the parties only as security, and therefore legally a mortgage. It seems to us that the facts found clearly lead to the conclusion that it was in legal effect a mortgage, and that being the legal character of the instrument at the time of its execution, it was not thereafter changed, as is contended, into an absolute conveyance. In 1st Jones on Mortgages (6th ed.), § 263, the rule is stated as follows:

"The character of the transaction is fixed at the inception of it and is what the intention of the parties makes it. The form of the transaction and the circumstances attending it are the means of finding out the intention. If it was a mortgage in the beginning it remains so."

See, also, *Macauley v. Smith*, 132 N. Y. 524, 30 N. E. 997; *Wasatch Min. Co. v. Jennings*, 5 Utah 243, 15 Pac. 65; *Poston v. Jones*, 122 N. C. 536, 29 S. E. 951; 3 Pomeroy, Equity Jurisprudence (2d ed.), 1194; 20 Am. & Eng. Ency. Law (2d ed.), p. 938.

A mortgage in this state is a mere lien and does not convey the fee, and the fact that it was in the form of a deed absolute upon its face, does not change its legal effect in this respect. It is still a mortgage and remains just as far short of conveying the fee as though it were a mortgage in form. *Snyder v. Parker*, 19 Wash. 276, 53 Pac. 59, 67 Am. St. 726. Even where it is held that such a mortgage can, after execution by the parties, be converted into a conveyance of the fee, its effect can be thus changed only by a new contract between them. 27 Cyc. 993. Whatever the requirements of such new contract may be in other jurisdictions, in the light

of their statute of frauds and their law as to whether or not a mortgage conveys the fee, since a mortgage does not convey the fee under our law, it seems plain that no agreement made thereafter between the parties which is less formal than a deed executed as the statute requires would pass the title. This, however, would not be a conversion of the mortgage into an absolute conveyance, but would be a conveyance independent of the mortgage. In support of this view the supreme court of Oregon, in *Marshall v. Williams*, 21 Ore. 268, 28 Pac. 137, uses the following language:

"The mortgagor may release the equity of redemption to the mortgagee, but being an interest in real estate, it can only be transferred or relinquished by a writing executed as required by the statute of frauds. This rule applies as well to a deed absolute in form intended as a mortgage as to an ordinary mortgage."

It is finally urged by appellants' attorneys that the court's decree was erroneously rendered because the Downers were not parties to this action. Whatever might be the answer to this contention had the trial court passed upon the matters of affirmative relief prayed for by the respondents in their cross-complaint, it is plain there was no attempt by the court to pass upon any of the rights of the Downers. The decree simply denied the relief prayed for by plaintiffs, holding that they are not the owners of the premises in fee but only mortgagees, as against the rights of respondents.

We conclude that the record before us shows the learned trial court correctly determined the rights of the parties to this appeal, and its decree is therefore affirmed.

Dunbar, Mount, Crow, Fullerton, Gose, and Chadwick, JJ., concur.

Morris, J., took no part.