MUSTAR, Appellant, v. McCOMB et al., Respondents.

(167 N. W. 232.)

(File No. 4141.   Opinion filed March 26, 1918.)

1. **Mortgages—Deed as Mortgage—Grantee's Grantee, Whether Bona Fide Holder.**

   One to whom a grantee of realty under an instrument which in effect was a mortgage, has conveyed the property, is not a bona fide holder for value and without notice, as against a judgment creditor; and has no greater rights than his grantor would have had if he had not given such deed.

2. **Fraudulent Conveyances—Deed as Mortgage, Grantee's Claim Under as Deed—Holding Title for Sale to Pay Debt—Whether a Mortgage?**

   Where trial court's findings showed that one to whom realty had been conveyed by the owner, maintained that it was intended as an absolute conveyance and not as a mortgage, and that plaintiff, grantee of said grantee, never treated the conveyance as a mortgage but contended it was an absolute conveyance of title, yet, it appearing that there was an indebtedness from original owner to first grantee, and that the latter held title for the sole purpose of selling and applying proceeds of the property to the indebtedneess, there being no fixed consideration for the conveyance, held, that the first grantee had none of the rights and was subject to no liabilities incident to absolute ownership, and said conveyance was in effect a mortgage. So held, as between the last grantee and a judgment creditor.

3. **Conveyancing—Deed Without Defeasence, Made to Secure Debt—Whether Title Passes?**

   An instrument in form conveying title to realty, even though containing no written defeasance, if in fact made to secure a debt, it being in equity a mortgagee, passes no title to grantee, and legal title remained in grantor, though, upon recording the instrument, title appeared of record in grantee.

4. **Conveyancing—Deed in Fact a Mortgage, When Title Passes Under—Re-conveyance, Decree re Mortgage, As Tests—Rule.**

   The true test of when title passes to grantee under a conveyance which in fact is a mortgage, is:—if upon payment of the debt an action to require a conveyance by the grantee is necessary to place title in real owner, the original conveyance

passes title; but if a decree adjudging the conveyance to have been a mortgage is sufficient to quiet title, then no title passed by the original conveyance.

5. **Mortgages—Deed as Mortgage—Sale Under Execution, Mortgagee's Right to Restrain.**

A grantee of realty, holding but a mortgage interest, has no right to restrain a sale under execution of the mortgaged property; the mortgagee being a disinterested party, since such sale, if made, will be subject to his rights as mortgagee. So held, as between such grantee's grantee and a judgment creditor.

6. **Mortgages—Mortgagee's Rights Under Absolute Conveyance as Against Judgment Creditor—Injunction Against Execution Sale—Remedy, Defendant's Prayer for "Further Relief," Court's Right to Decree re Mortgage.**

Where, in a suit by the grantee of one to whom an absolute conveyance of realty was made, but as a mortgage, to enjoin an execution sale of the property, the prayer in defendants' answer was for judgment establishing his judgment lien as valid, and for "other and further relief," etc., trial court was authorized to determine validity of the mortgage, although such determination was not essential to the relief specifically prayed for by defendants; such relief being such as might have been prayed for had defendants known the true nature of the transaction.

7. **Fraudulent Conveyances—Grantee's Claim of Title Under Deed, a Mortgage, Whether Involving Actual Fraud, As to Judgment Creditor.**

Where the evidence, in a suit by a grantee of one to whom the owner had given a deed to realty, but as a mortgage, sustained findings to the effect that the original grantee, and plaintiff, his grantee, maintained that the deed was not intended as a mortgage but as an absolute conveyance of title, and failed to disclose the true nature of the original transaction, or relied upon the deed as a mortgage, **held**, that trial court was warranted in holding such transaction fraudulent as to a judgment creditor, although there might be question whether trial court's conclusion that there was actual fraud, was justified.

Appeal from Circuit Court, Spink County. Hon. ALVA E. TAYLOR, Judge.

For former opinion, see 39 S. D. 439. 164 N. W. 975. 975.

On rehearing. Former opinion reversed and judgment and order apealed from affirmed.

*Sterling & Clark,* for Appellant.

*Morris & Moriarty,* for Respondents

WHITING, P. J.  [1]  This cause is before us upon re-hearing.  Our former opinion will be found reported in Mustar v. McComb, 39 S. D. 439, 164 N. W. 975, to which reference is made for a statement of some of the facts and for our holding thereon. In such former opinion it was stated that the action "was brought to determine the ownership" of certain land. Such statement is not accurate. Plaintiff, claiming to be the owner of certain land, brought this action to restrain defendants from selling such land under an execution issued upon a judgment taken against one G. H. Brown; and plaintiff sought a decree adjudging his title to be paramount and superior to the claimed lien of such judgment.  Defendants were McComb, the judgment creditor, and Hanson, the officer holding the execution.  Defendants denied that plaintiff was the owner of the property.  They alleged that G. H. Brown, the owner of the property, had, with fraudulent purpose, attempted to convey this property to one W. H. Brown; that such deed was void, and that plaintiff took a deed from W. H. Brown with full notice of the facts rendering the deed to W. H. Brown void.  Defendants asked that a restraining order be denied; that the judgment be declared a lien on the land; and for such other and further relief as to the court might seem just.  Under the undisputed facts, plaintiff is not a bona fide holder for value and without notice, and has no greater rights than W. H. Brown would have, if he had not given a deed to plaintiff.

[2]  We are convinced that upon the former hearing we failed to give sufficient consideration to the nature of the transaction evidenced by the conveyance from G. H. to W. H. Brown. While the trial court did not, in express and specific language, find as a fact, or enter as a conclusion, that such conveyance was a mortgage, it did find certain facts which show such conveyance to have been in fact, as between the parties thereto, but a mortgage; and that the court considered it to be a mortgage is clearly shown from the following, a part of one of its findings:

"That at all times since the making of the deed from Giles H. Brown to Walter H. Brown, as above set forth, the said Walter H. Brown has declared and maintained that the said

deed was not intended for a mortgage, but was intended to be and was an absolute conveyance of the land therein described to him, and that at no time did the said Walter H. Brown disclose or acknowledge the true character of the transaction; and that the plaintiff, as the grantee of the said Walter H. Brown, has at no time sought to treat the conveyance as a mortgage, but has at all times and in this action contended that the same was an absolute conveyance of the title of the aforesaid land to Walter H. Brown, and has at no time disclosed the true nature of the transaction, or relied upon the aforesaid deed as a mortgage, but has come into court representing that the said deed was a valid conveyance of title."

It is unnecessary for us to review the evidence, but we will call attention to a few matters which show, beyond possibility of dispute, that the conveyance was, as between the parties thereto, a mortgage: There was an indebtedness existing from grantor to grantee. There was no fixed consideration for the conveyance. The grantee held title for the sole purpose of selling the property and applying the proceeds to the indebtedness. The amount of credit could not be known until the net proceeds of the sale were determined. It is perfectly clear, from the above facts and the evidence as a whole, that, if at any time before the grantee made a sale, the grantor had paid his indebtedness, the grantee would have ceased to have had any rights in and to such land. Under the undisputed facts the grantee had none of the rights and was subject to none of the liabilities incident to absolute ownership; he could not have held the property and refused to sell it and apply the proceeds on the debt; he was bound to account for proceeds of crops or rentals received; if improvements on the property had been burned, the grantor would have been the loser; if a gold mine had been discovered thereon, any mineral therefrom would have belonged to the grantor and not to the grantee.

[3] It is therefore clear that the conveyance was a mortgage. Being a mortgage, even though there was no written defeasance, the legal title to this land remained in the grantor, though, upon the recording of the instrument, the title appeared of record in the grantee. We recognize that there are authorities holding that a conveyance, in form a deed absolute, though in

fact a mortgage, conveys the legal title, leaving in the grantor but an equity of redemption. There may be transactions which, from the peculiar facts connected therewith, show that, although the conveyance was intended as a security, yet, in order that the purposes contemplated by the parties may be carried out, the grantor intended to convey the legal title to the grantee. Such was the transaction involved in Muller v. Flavin, 13 S. D. 595, 83 N. W. 687. But, with the proposition that a conveyance absolute in form always conveys the legal title, even though such conveyance is in fact a mortgage, we cannot agree. As stated by the court in Wakefield v. Day, 41 Minn. 344, 43 N. W. 71:

"As between the parties, one who receives a deed absolute in form, and apparently having the legal title, is, when the facts showing the real character of the transaction appear, to be treated as having only a lien on the land; and upon the payment of the debt his interest in the land and his lien thereon ceases. A reconveyance is not, in such cases, necessary to reinvest the grantor or his heirs with the title, but only to clear up the record title, as in the nature of a satisfaction piece."

This question has been before the courts in numerous cases, which will be found cited in Jones on Mortgages, § 20, in support of the proposition that:

"Even an absolute deed without any defeasance, if in fact made to secure a debt, so that in equity it is a mortgage, passes no title to the grantee."

In Murdock v. Clarke, 90 Cal. 427, 27 Pac. 275, the court adopted the following words of its commissioner:

"As it is admitted that the conveyances were intended only to secure the payment of money, they were mere mortgages, and did not pass the legal title. 'It is the settled rule in this state that if a deed, absolute in form, was made merely to secure an indebtedness (to the grantee), it is a mere mortgage, and does not pass the title.' Smith v. Smith, 80 Cal. 325 [21 Pac. 4, 22 Pac. 186, 549]. See, also, Hall v. Arnott, 80 Cal. 352 [22 Pac. 200]; Booth v. Hoskins, 75 Cal. 275 [17 Pac. 225]; Raynor v. Drew, 72 Cal. 309 [13 Pac. 866]; Healy v. O'Brien, 66 Cal. 519 [6 Pac. 386]; Taylor v. McClain, 64 Cal. 514 [2 Pac. 399]. And the fact that the mortgagees were put in possession does not change the rule. As was said in Smith v. Smith, above cited:

'Such a deed gives a mere lien upon the property, just as if the parties had put their agreement in the form of a mortgage.' And it has been decided that in this state the interest of the mortgagee is not enlarged nor affected by the fact that he is in possession under the mortgage. Dutton v. Warschauer, 21 Cal. 609 [82 Am. Dec. 765]."

To the same effect is the holding in Snyder v. Parker, 19 Wash. 276, 53 Pac. 59, 67 Am. St. Rep. 726. The fullest, and, to our minds, the most conclusive, discussion of this question is to be found in Flynn v. Holmes, 145 Mich. 606, 108 N. W. 685, 11 L. R. A. (N. S.) 209, wherein the following is quoted from Shattuck v. Bascom, 105 N. Y. 41, 12 N. E. 284:

"Although the conveyance from the defendant to Coleman was in form a deed, it was in fact a mortgage, and had all the incidents of a mortgage. Coleman could not, upon that deed, have maintained an action of ejectment against his grantor or any other person. All he acquired by the deed was a lien upon the land for the security of his debt, and, upon payment of the debt, his interest in the land and his lien thereon would absolutely cease. Reconveyance by him to this defendant was not necessary to reinvest him with the absolute title, and was necessary only to clear up the record title. * * *"

[4] We would suggest the following as a true test of when title passes to the grantee under a conveyance which in fact is a mortgage: If upon payment of debt an action to require a conveyance by the grantee is necessary to place the title in the real owner, the original conveyance passed title. If a decree adjudging the conveyance to have been a mortgage is sufficient to quiet the title, then no title passed by the original conveyance.

[5] Under the above holdings and test, the legal title to this land remained in G. H. Brown, and the judgment became a lien on such land. It follows that the plaintiff had absolutely no right to a restraining order, and this regardless of whether the purported deed to W. H. Brown was fraudulent or not. Even if valid, plaintiff, as the grantee of W. H. Brown, holds but a mortgage interest, and a mortgagee has no right to restrain a sale under an execution against the mortgaged property. The mortgagee is a disinterested party; because such sale, if made, will be subject to whatever his rights as mortgagee may be. In other

words, if plaintiff had alleged what was proven—that his interest in the land was that of a mortgagee—he would not have pleaded facts sufficient to entitle him to the restraining order sought.

[6] It is clear then that, when the trial court found facts showing the conveyance to W. H. Brown to have been a mortgage, defendants were entitled to the relief specifically prayed for in their answer—that "the judgment * * * be declared to be a valid lien upon the said real property"; and the trial court need not have determined the validity as against the judgment creditor, of the mortgage, but could have left the question of its validity and priority to be determined in another action. But the defendants prayed "for such other and further relief as to the court may seem just." Under this prayer, the trial court was undoubtedly authorized to determine the validity of the mortgage, even though such determination was not essential to the relief specifically prayed for by defendants. It is clear that this is relief that could have been prayed for by the defendants, if they had known the true nature of the transaction.

[7] If the conveyance had been in fact, what it purported to be, an absolute conveyance of title to W. H. Brown, we are of the opinion yet that there might be some question whether the facts upon which respondents rely in support of their claim of fraud would justify the trial court's conclusion that there was actual fraud. But when we consider the further fact that this conveyance was in reality a mortgage, and yet the grantee in such conveyance has at all times "declared and maintained that the said deed was not intended for a mortgage, but was intended to be an absolute conveyance," and further that such grantee did at no time "disclose or acknowledge the true character of the transaction," we are of the opinion that the trial court was correct in holding such transaction fraudulent as to the judgment creditor.

Our former opinion herein is reversed, and the judgment and order appealed from are affirmed.