[Civ. No. 3747.   First Appellate District, Division One.—January 25, 1921.]

JOHN MITCHELL, as Trustee, etc., Appellant, v. GEORGE W. PRICE, as Commissioner, etc., et al., Respondents.

[1] MORTGAGES — REDEMPTION BY TRUSTEE UNDER DEED OF TRUST — ESTOPPEL TO DENY STATUS.—Where the trustee under a deed of trust covering real property which is subject to a prior mortgage dies and, although his successor is not appointed in strict accordance with the provisions of the trust deed, such successor not only performs the duties of trustee under the deed of trust and is recognized as such by the trustor, and recovers a judgment foreclosing the deed of trust, but the mortgagee alleges in the complaint to foreclose the mortgage that he is the legal trustee under the deed of trust, the commissioner appointed in such mortgage foreclosure proceeding to sell the property and the mortgagee, as the purchaser at such sale, and its successors in interest, are estopped from denying, in a subsequent proceeding by him to effect a redemption of the property, his status as trustee under the deed of trust.

[2] ID.—BONDHOLDER AS LIEN CREDITOR—RIGHT OF REDEMPTION.—Such trustee, as one of the owners and holders of bonds secured by said deed of trust, was a creditor of the trustor, the owner of the real property at the time of the mortgage foreclosure sale, and accordingly was entitled to a lien upon the property by virtue of the deed of trust as security for the payment of the bonds held by him, and, consequently, was in a position as a lien creditor to redeem the property, irrespective of his status as trustee under the deed of trust.

[3] ID.—TENDER TO REDEEM — RECORDATION OF DUPLICATE NOTICE — EFFECT ON SUBSEQUENT PURCHASERS.—A redemptioner who gives a sufficient notice in writing to the commissioner appointed in a

mortgage foreclosure proceeding to sell the property, and forthwith files a duplicate thereof with the recorder of the county where the property is situated, does all that is required of him under the law in order to effect a redemption and to impart constructive notice thereof to subsequent purchasers; and it is immaterial that, through some error or oversight in the recorder's office, a subsequent purchaser, although he makes diligent search through the records of that office, finds nothing therein to disclose any tender to redeem the property from the foreclosure sale.

APPEAL from a judgment of the Superior Court of Kern County. M. L. Short, Judge. Reversed.

The facts are stated in the opinion of the court.

C. L. Claflin and Kaye & Siemon for Appellant.

No appearance for Respondents.

KERRIGAN, J.—This is an action for a writ of *mandamus.*

In the month of August, 1903, A. J. McVean was the owner of the real property described in the complaint, and in that month he executed a mortgage thereon to the Kern Valley Bank for the purpose of securing payment of a promissory note in the sum of one thousand dollars. Thereafter, and prior to August, 1905, he conveyed the property to the Buckeye Refining Company, a corporation, which on the first day of that month executed to Luther Allen a deed of trust thereof as security for the payment of bonds to the amount of twelve thousand dollars, to be issued by the Buckeye Refining Company, and which were in fact issued to the extent of ten thousand dollars. Neither McVean nor said corporation paid the note given by the former to the Kern Valley Bank, and the corporation also defaulted in the payment of principal and much of the interest which became due upon said bonds. At some time prior to the month of February, 1908, the bank commenced an action to foreclose its mortgage, and obtained judgment, under which in the said month of February, 1908, the defendant George W. Price, the commissioner in said foreclosure suit, sold the property at public sale, the Kern Valley Bank becoming the purchaser thereof.

In December, 1908, an action was commenced to foreclose the deed of trust by John Mitchell, the plaintiff herein, in which he alleged the death of Luther Allen and the appointment of himself as the successor of said trustee, and that such action was commenced by him in his capacity as trustee and also as one of the owners and holders of bonds secured by said trust deed, and in behalf of and for the benefit of all the bondholders. In that action judgment was entered in favor of the plaintiff and against the trustees of said Buckeye Refining Company, then a defunct corporation for the amount due, with appropriate recourse against the security. In the meantime, and within one year after the sale under the bank's foreclosure suit, the plaintiff herein, as trustee and bondholder as aforesaid, on his own behalf and that of his fellow bondholders, offered in writing to redeem said property from said sale, and at the same time tendered to said commissioner the full amount due upon said judgment in favor of the Kern Valley Bank. The commissioner refused to accept the tender or to give to the plaintiff a deed to the property, whereupon the amount of money so tendered was deposited by the plaintiff in the Bank of Bakersfield, a bank of good financial standing, and written notice of said deposit was served upon the defendant. A duplicate of the notice of redemption was also filed with the county recorder.

After the expiration of one year from the entry of said judgment in foreclosure, and on February 6, 1909, the defendant executed and delivered a commissioner's deed of the property to the Kern Valley Bank, which shortly thereafter transferred its interest therein to certain persons, including Charles C. Polk, the intervener herein, who later acquired the interests of his cotenants.

With two exceptions the trial court in the present suit found in favor of the plaintiffs substantially on all the issues, but found that no action had been taken as provided in the said deed of trust for the appointment of a successor to Luther Allen, the original trustee, and that John Mitchell was not the trustee under the deed of trust. The trial court also found that the intervener before purchasing the property made diligent search through the records of Kern County to ascertain the condition of the title thereto, and found nothing therein to disclose any tender to redeem said

property from the foreclosure sale, and that neither he nor any of his predecessors in interest had any actual knowledge of the tender or offer to redeem the property, or that said plaintiff was at all interested therein. Upon these two findings judgment was entered in favor of the defendant, from which the plaintiff prosecutes this appeal.

[1]. As to the first of these findings, it is true that the evidence fails to show that the plaintiff was appointed trustee in strict accordance with the provisions of the trust deed, but we think that neither the defendant nor the intervener is in a position to raise the point. From the record it appears that the plaintiff had performed the duties of trustee under the deed of trust, and had been recognized as such by the officers of the Buckeye Refining Company for at least two years, and that while acting as such trustee he had recovered a judgment foreclosing the trust deed; that in the foreclosure suit of the Kern Valley Bank the Buckeye Refining Company and John Mitchell, plaintiff herein, were made parties defendant, and in the complaint therein it was alleged that John Mitchell was the legal trustee under the deed of trust. This allegation was binding upon the Kern Valley Bank, and no doubt would estop not only the bank and the defendant Price (who as commissioner in effect represented the bank), but also the intervener, the successor in interest of the bank, from denying in this action the status of the plaintiff as trustee under the deed of trust.

[2] Aside from this, plaintiff was entitled to maintain this proceeding for another reason. It is not disputed that he brought this proceeding not only as trustee, but also as a bondholder on behalf of himself and numerous other bondholders. As such bondholder he was a creditor of the Buckeye Refining Company, the owner of the property at the time of the foreclosure sale, and accordingly was entitled to a lien upon the property by virtue of the deed of trust as security for the payment of the bonds held by him, and, consequently, was in a position as a lien creditor to redeem the property. (Code Civ. Proc., sec. 701; *Frank* v. *Murphy,* 21 Cal. 108, [81 Am. Dec. 149]; Jones on Mortgages, sec. 1055.)

[3] With regard to the other finding concerning the notice of redemption, it appears that the intervener had been

led by the bank officials to believe that no redemption had been attempted, and had exercised due diligence to learn from the 'records of the county if any notice of redemption had been filed, but through some error or oversight in the recorders' office he obtained no actual knowledge of the filing for record of such notice. But it is undisputed that the plaintiff gave a sufficient notice in writing to the commissioner, and forthwith filed a duplicate thereof with the recorder of the county where the property is situated, which was all that he was required under the law to do in order to effect a redemption and to impart constructive notice thereof to subsequent purchasers.

Notwithstanding the attack made by the appellant upon the judgment in this case the respondent has not seen fit to give to the court the benefit of his familiarity with the case nor his investigation of the law bearing upon it, preferring, perhaps, to reserve his energy for the preparation of a petition for rehearing.

The judgment is reversed, with directions to the trial court to enter judgment in favor of the plaintiff upon the findings in the cause.

Richards, J., and Waste, P. J., concurred.