[No. 3275-1.   Division One.   November 22, 1976.]

THE STATE OF WASHINGTON, *on the Relation of Bernard G. Lonctot, Plaintiff*, v. SPARKMAN & McLEAN COMPANY, ET AL, *Respondents*, SMALL BUSINESS ADMINISTRATION, *Appellant.*

John P. Paul, Stan Pitkin, United States Attorney, Charles F. Mansfield, Assistant, Irving Jaffe, Leonard Schaitman, Harry R. Silver, and Rex E. Lee, Assistant Attorneys General of United States, for appellant.

Montgomery, Purdue, Blankinship & Austin, George W. Akers, and L. O. Hurst, for respondents.

SWANSON, J.—The Small Business Administration (SBA) appeals from an order of the King County Superior Court denying its claim against Sparkman & McLean Company.

The Small Business Administration made a loan to University Village, Inc., a subsidiary of Sparkman & McLean, which was secured by a deed of trust on the borrower's realty. On December 2, 1970, Sparkman & McLean and its subsidiaries were placed in temporary receivership by an order of the King County Superior Court.

On August 1, 1973, a prior lienholder held a nonjudicial trustee's sale on its deed of trust on the same property in which the SBA claimed a security interest and outbid all parties present. The SBA, knowing of the prior lienholder's intention to hold a sale, held its own nonjudicial trustee's sale 1 hour before that of the prior lienholder in an attempt to protect its interests. SBA was the successful bidder at its own sale which was subject to the sale of the prior lienholder. Because the prior lienholder's claim was equal to or

in excess of the value of the property, the SBA filed its claim in the receivership. The receiver resisted on the ground that anything recovered by SBA after having held its own trustee's sale would be a "deficiency" and deficiencies were contrary to the public policy of the State of Alaska, the situs of the property.[1] The trial court's order from which the appeal is taken, dated August 16, 1974, denied SBA's claim and held that federal law applied, but in the absence of any federal law directly on point, federal law adopts the law of Alaska. The court then, interpreting Alaska law, concluded that the provision in the deed of trust making Sparkman & McLean liable for any deficiency violates the applicable law and, based on such reasoning, denied the claim.

The SBA's assignment of error states as follows:

The trial court erred in ruling that there is no applicable federal law governing the issues in this case. Specifically, the trial court erred in refusing to apply a federal statute, a federal administrative regulation, an express provision in the deed of trust, and federal cases, all of which authorize SBA to recover deficiencies.

The receiver for Sparkman & McLean contends the SBA's assignment of error is inadequate and falls short of the requirements enunciated in CAROA 42(g)(1)(iii) and 43. He argues that the assignment of error fails to identify any specific finding or conclusion of law, or any specific ruling made by the trial court which appellant finds objectionable. We agree that such disregard of the rules is particularly inexcusable in view of the extensive findings of fact and

---

[1]The Alaska statutes governing deeds of trust, ASA 34.20.070-.135, provide to creditors secured by a deed of trust a voluntary choice between alternative methods of realizing on the security. The creditor may either bring a judicial action to foreclose and obtain a deficiency judgment or may waive the deficiency judgment and proceed nonjudicially by exercising the power of sale. If the creditor chooses judicial foreclosure, Alaska allows the creditor to seek a deficiency judgment. If the creditor voluntarily elects to proceed by nonjudicial trustee's sale, ASA 34.20.100 provides that

no other or further action or proceeding may be taken nor judgment entered against the maker, his surety or guarantor, on the obligation secured by the deed of trust for a deficiency.

conclusions of law entered by the trial court. If the assignment is no more than an invitation for the court to search the record, *Colella v. King County*, 72 Wn.2d 386, 433 P.2d 154 (1967), *Bignold v. King County*, 65 Wn.2d 817, 399 P.2d 611 (1965), we would summarily affirm, *see Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959), and the plethora of cases that have cited it.

While we believe that the assignment of error is too conclusory and would justify our rejection of SBA's appeal, it does identify the legal issue with sufficient specificity to permit resolution. However, assuming that the assignment of error is adequate to raise the issues discussed by appellant, we nevertheless affirm the trial court's decision. The federal statute governing aid to small business provides in 15 U.S.C. § 634(b)(4) (1976) that the administrator of the Small Business Administration shall have the power to

> pursue to final collection, by way of compromise or otherwise, all claims against third parties assigned to the Administrator in connection with loans made by him. This shall include authority to obtain deficiency judgments or otherwise in the case of mortgages assigned to the Administrator.

The statute is silent as to deficiencies when a deed of trust is involved. Presumably, then, when a deed of trust is used the SBA is not entitled to a deficiency after foreclosure under federal law. Appellant argues that the term "mortgage" is generic for the term "deed of trust," that is, one is synonymous for the other. While there may be mortgages in some states that are closely akin to a deed of trust, the basic difference is that a mortgage requires a judicial proceeding to effect a sale, whereas a deed of trust permits a nonjudicial sale. We find it significant, however, that the federal statute is silent as to deeds of trust. Accordingly, we hold that 15 U.S.C. § 634(b)(4), allowing a federal agency to recoup a deficiency in a mortgage context, is not applicable to a deed of trust.

■ Appellant, in seeking to support its contention, relies upon two unreported decisions of the federal district

court of Alaska.[2] While these opinions buttress appellant's position, this court, as well as courts within the federal system, have placed little, if any, precedential value upon unreported opinions. For this court's attitude toward unpublished opinions, *see State v. Fitzpatrick*, 5 Wn. App. 661, 491 P.2d 262 (1971), *review denied*, 80 Wn.2d 1003 (1972); for the federal court's attitude, *see United States v. Fox*, 473 F.2d 131 (D.C. Cir. 1972); *United States v. International Business Machs. Corp.*, 60 F.R.D. 654 (S.D.N.Y. 1973). The reliance upon unpublished opinions is a dubious practice at best, and we decline the invitation under the instant circumstances. We do find, however, the decision in *United States v. MacKenzie*, 510 F.2d 39 (9th Cir. 1975), to be dispositive of the issue before us. The *MacKenzie* court dealt with a situation quite similar to the one presented to us today. The SBA brought an action in federal court to foreclose upon a deed of trust and to recover any deficiency remaining after sale. The court ordered foreclosure and confirmed the sale of the property to the SBA. Subsequently, the SBA sought to recover the amount still owed it through a deficiency action. At this point, the trial court refused to apply state law which would have limited the amount of the deficiency and instead entered a deficiency judgment far in excess of the amount allowed under state law.

The *MacKenzie* court initially noted that

No applicable federal statute or administrative regulation expressly establishes the rights and duties of the Government and the debtor upon the Government's foreclosing security for an SBA loan. Thus no federal statute nor regulation nullifies these [state] debtor protections in the SBA context, . . . Nor should we create federal law by implication that is antithetical to state laws protecting debtors unless doing so is necessary to achieve the overriding purposes of Congress in enacting the statutes under which the loans were made or to preserve some other paramount federal interest.

*United States v. MacKenzie, supra* at 40. The Ninth Circuit

---

[2] *United States v. Pelch*, Civil No. A-88-72 (D. Alas., Apr. 29, 1974); *United States v. Combs*, Civil No. A-51-64 (D. Alas., Mar. 14, 1966).

concluded that the congressional purpose in enacting SBA legislation was not impaired by federal deference to state law.[3] Accordingly, we hold that the trial court was correct in deciding that Alaska law prohibiting deficiency judgments in nonjudicial foreclosures is applicable. Having made its election and acted upon it, the SBA cannot now claim a deficiency—it deliberately chose to forego a judicial sale proceeding which would have entitled it to a deficiency.

Affirmed.

CALLOW and ANDERSEN, JJ., concur.

Petition for rehearing denied February 28, 1977.

Review denied by Supreme Court September 29, 1977.

---

[3]The Supreme Court in *United States v. Yazell*, 382 U.S. 341, 15 L. Ed. 2d 404, 86 S. Ct. 500 (1966), answered in the affirmative the question whether federal law should defer to state laws protecting debtors when the government seeks to recover a debt generated by an SBA loan.