[No. 45532. En Banc. January 4, 1979.]

RUSTAD HEATING & PLUMBING COMPANY, *Appellant,*
v. LAWRENCE G. WALDT, ET AL,
*Respondents.*

*Dubuar & Lirhus*, by *Fred H. Dore* and *Albert G. Lirhus*, for appellant.

*Lasher, Johnson & Sweet, Inc., P.S., G. Michael Sweet, Linda Kelley Ebberson, Preston, Thorgrimson, Ellis, Holman & Fletcher*, and *John A. Gose*, for respondents.

*Louis H. Pepper* and *Fay L. Chapman* on behalf of Washington Mortgage Bankers Association, Seattle Mortgage Bankers Association, and Washington Land Title Association, *Edward N. Lange* and *Judd Kirk* on behalf of Washington Bankers Association, and *William B. Stoebuck*, amici curiae.

UTTER, J.—Judgment was entered by the King County Superior Court permitting holders of a statutory deed of trust to exercise the right of redemption from foreclosure sale as provided by RCW 6.24.130(2). The sale was executed for the benefit of a senior creditor by judgment. The

issue for decision on appeal is whether the deed of trust was a mortgage, as that term is used in the statute. We hold that it is and affirm the trial court.

In April 1973, Rustad Plumbing and Heating recorded its notice of claim for a labor and materials lien for work it performed on real property at the request of Gary E. Johnson, part owner of the property. In July 1973, Rustad filed suit in King County to foreclose its claim on Johnson's interest in the property. In December 1973, while Rustad's suit was pending, Johnson executed in favor of John C. Vertrees and William J. Boyce, attorneys, a promissory note in the amount of $30,000 for services performed for him. A deed of trust to secure the note was given on the same property which was the subject of the Rustad action and was recorded in King County in July 1974.

The Rustad suit ended in late 1974, resulting in judgment for Rustad in the sum of $4,458.88, the amount of the lien. On January 17, 1975, pursuant to a request by Rustad, King County Sheriff Lawrence G. Waldt conducted a public sale of the property, at which sale Rustad bid the full amount of its judgment. A sheriff's certificate of sale was issued to Rustad as the highest bidder.

On January 9, 1976, William J. Boyce, on behalf of the beneficiaries of the trust deed, filed a notice of redemption with the King County Sheriff in compliance with all statutory procedures and time limits. Redemption was made in accordance with the notice on January 16, 1976. A cashier's check in the full amount of the judgment, including accrued interest costs and attorney's fees, was tendered to Rustad. Rustad refused the check and demanded from Sheriff Waldt a sheriff's deed to the property, which deed the sheriff refused to issue. A mandamus action to require the sheriff to deliver the deed to the contested property to Rustad was brought, claiming Vertrees and Boyce were not proper redemptioners under the statute. This appeal followed from an adverse ruling in superior court on Rustad's claim.

An examination of the legislation creating the statutory deed of trust provided for in RCW 61.24 reveals the act created a security instrument allowing for quicker realization of the security interest. In exchange, the remedies available in conventional mortgages allowing acceleration of the entire debt and deficiency judgments were taken away. This court has recently commented on the deed of trust act and its history in *Kennebec v. Bank of the West*, 88 Wn.2d 718, 565 P.2d 812 (1977). We there noted that mortgages containing the power of sale and trust deeds were given effect at common law. This was changed in the 1869 legislature to require foreclosure and sale according to the law. It was again changed almost a century later in 1965 when the legislature adopted RCW 61.24, allowing nonjudicial foreclosure as under the common law.

■■ Regarding the redemption question now before us, our first inquiry is whether the deed of trust act creates a species of mortgage. The authorities are in strong agreement that it does. 1 *Glenn on Mortgages* § 20, at 123 (1943) states: "The trust deed was well known at the beginning of the nineteenth century, and the courts had little difficulty in treating the device as a mortgage in effect." Glenn characterizes the trust deed as in effect a power of sale mortgage with the power of sale resting in a third person, the trustee, rather than in the mortgagee. G. Osborne, *Mortgages* § 17, at 26–27 (2d ed. 1970), while noting the obvious differences in the operation of straight mortgages and trust deed mortgages, primarily in the manner of foreclosure, often refers to a deed of trust as a "trust deed mortgage." State courts have concurred. The California Court of Appeals in construing a statute similar to Washington's redemption statute, holds that a creditor under a deed of trust can exercise statutory redemption rights following mortgage foreclosure. *Mitchell v. Price*, 51 Cal. App. 159, 196 P. 82 (1921). The holding of that case is that the beneficiary is the holder of a "mortgage" and may exercise the right of statutory redemption. While less directly in point, the Oregon Supreme Court in *Thompson v. Marshall*, 21

Ore. 171, 27 P. 957 (1891), has also held the deed of trust, for the matters considered in that opinion, was to be considered in legal effect a mortgage. They held that the power of sale does not change its essential attribute.

While there is no Washington authority directly in point, our court has held that a nonstatutory trust deed given as security is a mortgage. *Morrill v. Title Guar. & Sur. Co.*, 94 Wash. 258, 162 P. 360 (1917). The mortgage there operated the same as a statutory deed of trust and was a deed to a third party trustee as security. It is indistinguishable in principle from the current statutory deed of trust.

This court has in the past treated even a deed absolute, when intended by the parties to be security for an obligation the grantor owes the grantee, as a mortgage in equity. We have looked to the intent of the parties and if that intent was to treat the transaction as a mortgage, we have held the document passes no title to the grantee who only has a lien similar to a mortgage in statutory form. *Clambey v. Copland*, 52 Wash. 580, 100 P. 1031 (1909); *Snyder v. Parker*, 19 Wash. 276, 53 P. 59 (1898). We held this form of mortgage was required to be foreclosed in the statutory manner provided for "mortgages." *Pratt v. Pratt*, 121 Wash. 298, 209 P. 535, 28 A.L.R. 548 (1922). The *Clambey, Snyder,* and *Pratt* cases emphasize this court will look through the form of the transaction to determine its substance. If we will do this and treat a deed absolute intended as security as an ordinary mortgage, there is no reason why a deed of trust should not be treated similarly. Thus we hold that a statutory deed of trust is indeed a species of mortgage.

It should be clear we are not holding that in all circumstances the word "mortgage" as used in every statute is to include deeds of trust as well. Where a statute using the term "mortgage" relates to remedies specifically covered by the deed of trust act of 1965, the act would govern and the term "mortgage" would refer to instruments other than deeds of trust.

Having concluded that a trust deed is in general a species of mortgage, we need not consider the more narrow issue of whether the beneficiary of a statutory deed of trust is the holder of a "mortgage" within the narrow meaning of the redemption statute, RCW 6.24.130(2).

Appellants urge the case *State ex rel. Lonctot v. Sparkman & McLean Co.*, 16 Wn. App. 402, 556 P.2d 946 (1976), reaches a result contrary to that reached by the trial court here. The holding in that case, although not binding on this court, is not in conflict with the rule we announce here. In *Sparkman*, the court was confronted with the choice of law question of whether federal or state law should apply in a receivership proceeding when the federal government files a creditor's claim. Alaska law, rather than federal law, was found to be applicable inasmuch as there was an absence of federal law directly on point. The difference between the two was that in Alaska its law precluded the entry of a deficiency judgment and exercise of otherwise available statutory redemption rights. The federal statute governing aid to small businesses granted the administrator authority to obtain deficiency judgments in the case of mortgages assigned to the administrator. The Small Business Administration in the *Sparkman* case attempted to both have the advantage of a quick sale and passage of title provided by a deed of trust and recovery of a deficiency judgment provided by a mortgage. The court in *Sparkman* treated the case as raising a choice of law question and found the right of the federal government to claim a deficiency was specifically removed in the Alaska deed of trust act. ASA 34.20.070–.135. Any language in that case that mortgages and deeds of trust are not synonymous is not related to the issues raised in this appeal.

The decision of the Superior Court is affirmed.

WRIGHT, C.J., ROSELLINI, HAMILTON, BRACHTENBACH, DOLLIVER, and HICKS, JJ., and COCHRAN and RYAN, JJ. Pro Tem., concur.