[No. 18364. Department One. May 12, 1924.]

# LOUISA E. OLSON, *Respondent*, v. G. C. FIREOVED, *Appellant*.[1]

APPEAL (162)—REVIEW—FINDINGS IN EQUITY—NECESSITY. Formal findings are not essential to support a judgment in an equitable action.

PLEADING (167-1) — ISSUES AND PROOF — GENERAL DENIAL — DISCLAIMER OF INTEREST. In an action to foreclose a chattel mortgage, a general denial of an allegation that defendant claims an interest in the property, amounts to a disclaimer and renders evidence on the subject unnecessary.

CHATTEL MORTGAGES (75)—ACTIONS TO FORECLOSE—JUDGMENT—CLAIMS TO PROPERTY BY THIRD PERSON. The wrongful act of the sheriff in selling property not included in a chattel foreclosure is not error in the judgment; the proper relief being by adverse claim to property levied on under Rem. Comp. Stat., § 573.

APPEAL (384)—REVIEW—RIGHT TO ALLEGE ERROR. A defendant who disclaimed interest in mortgaged chattels cannot complain of irregularities in the sale.

Appeal from a judgment of the superior court for King county, Ralston, J., entered July 10, 1923, upon findings in favor of the plaintiff, in an action to foreclose a chattel mortgage, tried to the court. Affirmed.

*Charles H. Paul,* for appellant.

*H. E. Foster,* for respondent.

PARKER, J.—The plaintiff, Olson, commenced this action in the superior court for King county, seeking recovery upon a promissory note executed and delivered to her by the defendants Lida and wife on March 20, 1922; the foreclosure of a chattel mortgage executed and delivered on the same day to her by them upon certain property; and also the foreclosure of the mortgage as against any claim of interest in the prop-

[1] Reported in 225 Pac. 643.

erty made by the defendant Fireoved. A trial upon the merits resulted in findings and judgment in favor of the plaintiff as prayed for against all of the defendants, from which the defendant Fireoved alone has appealed to this court.

The property in question is described in the mortgage and in respondent's complaint as follows:

"All furniture, furnishings, equipment and supplies of every kind and nature whatsoever belonging to and now being used in or about that certain apartment house located at 302 19th Avenue South in the City of Seattle, Washington, and being otherwise known as the Keene Apartments as per inventory rendered, together with the lease covering said premises and lease deposit of Five Hundred ($500.00) Dollars now being held by lessor as security for said lease."

As against appellant Fireoved, it is alleged in the complaint, in paragraph VI thereof, as follows:

"That the defendants Lida and Lida have abandoned said apartment house and turned it over to the defendant Fireoved, who is claiming some interest therein."

Appellant answered this quoted allegation of the complaint as follows:

"For answer to Paragraph VI. of said complaint this defendant denies the same and each and every part thereof."

The findings and conclusions made by the trial court do not specifically in terms notice or decide the question of appellant's interest or claim in the property, seemingly because the court did not, in view of the above quoted portion of his answer, consider that appellant tendered any issue upon that subject, but, in effect, by that allegation disclaimed interest in the mortgaged property. We also note in this connection that the evidence is silent touching any claim to the

property by appellant. However, the judgment and decree does adjudicate that appellant has no interest in the mortgaged property.

Contention is made in behalf of appellant that the above adjudication touching the question of his right or interest in the property is erroneous; it being insisted that the findings do not support any such adjudication, this seemingly upon the theory that there is no finding upon that question. But this is a suit in equity on which findings are not necessary to support such an adjudication (*Clambey v. Copland,* 52 Wash. 580, 100 Pac. 1031) ; therefore, that part of the decree is not impaired for want of a finding touching its subject-matter. It is also contended in this connection that the evidence does not warrant any such adjudication. This, it seems to us, is answered by the view which the trial court manifestly took, and correctly so, that the above quoted portion of appellant's answer, in effect disclaiming interest in the property, rendered the introduction of evidence on that subject unnecessary.

Some further contention is made in appellant's behalf, seemingly rested upon the theory that in the execution of the order of sale by the sheriff, that is, in his seizure of what he conceived to be the property covered by the mortgage and decree and in his sale thereof, he seized and sold property not covered by the mortgage and decree. We presume counsel means property not so covered of which appellant was owner or had some interest in. If this occurred, it was a wrong occurring to appellant as a third party after the rendering of the judgment, and would not be error in the rendering of the judgment. Our statutes seem to furnish ample remedy to be invoked by persons having adverse claims to property levied upon. Section 573, Rem. Comp. Stat. [P. C. § 7843]. Such a controversy would be

quite apart from any question of error in the rendering of the judgment and decree in question.

Some further contention is made upon the theory that the leasehold interest purporting to be covered by the mortgage could not be sold in the manner provided for the sale of personal property under such a foreclosure. If there has been any irregularity in this respect, it was an irregularity only against the rights of the other defendants, who have not appealed; and here again appellant is met with the denials of his answer above quoted, which, as we have seen, disclaims all interest in the mortgaged property, which property includes the lease.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, and TOLMAN, JJ., concur.