[No. 18364.  *En Banc.*  December 3, 1924.]

## LOUISA E. OLSON, *Respondent,* v. NICHOLAS LIDA *et al., Defendants,* F. C. FIREOVED, *Appellant.*[1]

CHATTEL MORTGAGES (75)—FORECLOSURE BY ACTION—DECREE—ERRONEOUS DESCRIPTION. Upon the foreclosure of a chattel mortgage on furniture and fixtures described therein as "now being used" in an apartment house, which were, before the trial, removed to a warehouse, it is error, in the decree of foreclosure, to direct a sale of furniture and fixtures "now used" in or about the apartment house and which were not there at the time the mortgage was given.

SAME (70)—FORECLOSURE BY ACTION—PARTIES—DISCLAIMING INTEREST. Where a party is made defendant in an action to foreclose a chattel mortgage upon furnishings in an apartment house, on the allegation that he claimed an interest in the mortgaged property, he may, upon disclaimer of interest, object to and appeal from a decree ordering a sale of his property not covered by the mortgage, and is not to be relegated to an action against the sheriff for selling the property as described in an erroneous decree.

SAME (71) — FORECLOSURE BY ACTION — PLEADINGS — ANSWER AMOUNTING TO DISCLAIMER. A defendant, made a party to the foreclosure of a chattel mortgage, on the allegation that he claimed an interest in the mortgaged property, is not estopped, by his denials of the allegations of the complaint as to the ownership of the property, from showing that the property levied upon was his and not the property mortgaged, which at most intended to disclaim any interest in the property mortgaged.

Appeal from a judgment of the superior court for King county, Ralston, J., entered July 9, 1923, upon

[1]Reported in 230 Pac. 643.

findings in favor of the plaintiff, in an action to fore-
close a chattel mortgage, tried to the court. Reversed.

*Charles H. Paul,* for appellant.

*H. E. Foster,* for respondent.

ON REHEARING.

BRIDGES, J.—After a hearing *En Banc,* we have con-
cluded that the department opinion (*Olson v. Fireoved,*
129 Wash. 635, 225 Pac. 643), is in some regards wrong.

The defendants Lida and wife gave to the plaintiff
their promissory note and secured it by a chattel mort-
gage covering

"all furniture and furnishings, equipment and sup-
plies of every name and nature whatsoever belonging
to and now being used in or about that certain apart-
ment house located at 302 19th Avenue, south, in the
city of Seattle, Washington, and being otherwise
known as 'Keene Apartments,' as per inventory ren-
dered, together with the lease covering said premises
and lease deposit of $500 now being held by the lessors
as security for the said lease, and being all of the
property of like description located at that place or
belonging to said parties of the first part (mortga-
gors)."

The indebtedness being due and unpaid, the plain-
tiff instituted this suit for the purpose of obtaining a
personal judgment against the defendants Lida and
wife and to foreclose the chattel mortgage, cutting off
any interest appellant might claim in the property.
Sometime prior to the trial, the mortgaged furniture
and furnishings were removed from the apartment and
placed in a warehouse in the city of Seattle and notice
thereof given to the plaintiff. The court entered a per-
sonal judgment against the mortgagors and foreclosed
the mortgage and ordered a sale by the sheriff. The
defendant Fireoved has appealed.

The respondent has moved to strike the brief of appellant and affirm the judgment for various reasons. We do not consider that there is any substantial merit in the motion and it is denied.

The decree commanded the sheriff to sell "the leasehold interest of the Keene apartments at 302 19th Avenue south, in the city of Seattle, together with the furniture, furnishings, equipment and supplies of every kind and nature whatsoever belonging to *or now used in or about the said Keene Apartment house,* together with the lease covering the said premises and the lease deposit of $500." The sheriff, complying with the decree, levied on the furniture and furnishings which were at the time of making the decree located in the apartments mentioned, and sold or threatened to sell them.

It now seems plain to us that the decree entered by the court was erroneous in that it foreclosed the mortgage as against the furniture and furnishings which were at the time of the trial located in the Keene apartments, instead of the property covered by the mortgage, which the testimony shows was not in the apartment at the time of the entry of the decree. Unquestionably the error is a clerical one, brought about by using the same language in the decree that was used in the mortgage to describe the mortgage property and that directed to be sold. The Department opinion fell into error by failing to observe that the decree foreclosed the mortgage as against property *"now being used in or about,"* the apartment in question. The result is that the mortgage as foreclosed is against property not therein described and the order of sale is as to property not covered by the mortgage.

Respondent argues that appellant's right of action is against the sheriff for taking property which was

not covered by the mortgage. We cannot so view it. It is the sheriff's duty to follow the decree of the court, and in so doing he would be required to sell the property which was at the time of the decree in these apartments. But if it were conceded that he has a right of action against the sheriff, that would not deprive him of the right to have a proper decree of foreclosure entered.

It is also contended that the appellant may not now object to the terms of the decree because of the nature of his answer to the complaint. Paragraph 4 of the complaint describes the mortgage and the mortgaged property, and appellant's answer thereto was a denial. Paragraph 6 again describes the mortgaged property and alleges that Lida and wife have abandoned the apartment house and turned it over to the appellant, who claims some interest therein. This is denied by the answer. The most that can be said is that the appellant, by his answer, intended to disclaim any interest in the mortgaged property. Since the purpose of the suit was to foreclose the mortgage and have the property covered by it sold, it was not incumbent upon the appellant to allege or prove that he was the owner of the furniture and furnishings at that time located in the apartments, or to anticipate that a decree would be entered ordering a sale of the property which was not covered by the mortgage.

We do not see any merit in the other objections to the decree. The judgment is reversed and the cause remanded in order that the decree may be corrected as herein indicated.

MAIN, C. J., MACKINTOSH, HOLCOMB, TOLMAN, PEMBERTON, and MITCHELL, JJ., concur.