**Tana Chung HUMMEL, Plaintiff,**

v.

**NORTHWEST TRUSTEE SERVICES, INC., et al., Defendants.**

**CASE NO. C15-255RAJ**

United States District Court,
W.D. Washington,
at Seattle.

Signed March 23, 2016

Jill J. Smith, Natural Resource Law Group, PLLC, Seattle, WA, for Plaintiff.

Joshua Schaer, RCO Legal, P.S., Heidi Buck Morrison, Northwest Trustee Services, Inc., Bellevue, WA, Vanessa Soriano Power, J. Will Eidson, Stoel Rives, Seattle, WA, Amy Edwards, Stoel Rives, Portland, OR, Jody M. McCormick, Michael J. Kapaun, Steven Joseph Dixson, Witherspoon Kelley, Spokane, WA, for Defendants.

## ORDER

The Honorable Richard A. Jones,
United States District Court

## I. INTRODUCTION

This matter comes before the Court on Defendant Northwest Trust Services, Inc.'s ("NWTS") Motion to Dismiss (Dkt. # 54), Defendant Bank of America National Association's ("BOA") Motion to Dismiss (Dkt. # 56), and Defendants Select Portfolio Servicing, Inc. ("SPS") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion for Summary Judgment (Dkt. # 58). For the reasons set forth below, the Court **GRANTS** the Motions.

## II. BACKGROUND

On November 13, 2006, Plaintiff executed a promissory note (the "Note") for $650,000.00 payable to First Franklin, a Division of National City Bank. Plaintiff's Revised First Am. Compl. ("RFAC") ¶ 14; Dkt. # 55 (NWTS Request for Judicial Notice ("RJN")) Ex. 1.[1] Plaintiff also executed a deed of trust securing repayment of the Note (the "Deed of Trust"). See RFAC ¶ 15; Dkt. # 55 (RJN) Ex. 2. The Note was secured by property located at 2536 Lake Whatcom Boulevard, Bellingham, Washington 98229 (the "Property").

---

1. The documents attached to NWTS' RJN are loan documents or records regarding the Property. Because these documents are incorporated by reference in the RFAC as they are extensively referred to in the RFAC and form the basis of her claims, the Court may consider them without converting NWTS's motion into one for summary judgment. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

*See* RFAC ¶¶ 13-14; Dkt. # 55 (RJN) Ex. 2 at 1. The Deed of Trust named Stewart Title as the trustee and MERS as a beneficiary as "nominee for Lender and Lender's successors and assigns." *See* Dkt. # 55 (RJN) Ex. 2 at 2. It also permitted the lender to appoint a successor trustee at any time. *See id.* at 14.

 Subsequently, First Franklin[2] endorsed the Note to First Franklin Financial Corporation and First Franklin Financial Corporation endorsed the Note in blank.[3] *See* Dkt. # 59-1 (Power Decl.) Ex. A at 5. MERS assigned its interest under the Deed of Trust to U.S. Bank, National Association ("U.S. Bank"), Successor Trustee to Bank of America, N.A., as Successor Trustee to the Holders of the First Franklin Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1 (the "First Franklin Trust"). *See* Dkt. # 55-3 (RJN) Ex. 3 at 1. U.S. Bank later, as the holder of the Note[4] and beneficiary of the Deed of Trust, executed a limited power of attorney in favor of SPS, appointing it as the servicer. *See* Dkt. # 59-1 (Power Decl.) Ex. C.[5]

In December 2013, U.S. Bank executed a Declaration of Ownership, which stated that U.S. Bank "is the actual holder of the Promissory Note evidencing" Plaintiff's loan. *See* Dkt. # 55-4 (RJN) Ex. 4.[6] In

---

2. Despite Plaintiff's repeated allegations that First Franklin was unlicensed to do business in Washington State, she provides no explanation through additional allegations or evidence.

3. Plaintiff dedicates substantial energy to arguing that such endorsements are improper or that they are fraudulent. *See* RFAC ¶ 58. She contends that she was presented at various times with three different versions of the Note, some bearing the endorsements and some not. *See* Dkt. # 80 at 6. As best as this Court can tell, Plaintiff appears to advance "a discredited serially advanced theory known as the 'show me the note' theory." *See Borowski v. BNC Mortgage, Inc.,* No. C12–5867 RJB, 2013 WL 4522253, at *5 (W.D.Wash. Aug. 27, 2013). In fact, "the Washington Deed of Trust Act does not require that a mortgage servicer or mortgagee produce the original note to the borrower on demand or prior to foreclosure." *See id.* Furthermore, if Plaintiff is attempting to dispute the authenticity of the version of the Note Defendants are presenting, she provides no basis to do so. All versions of the Note that have been presented to the Court are identical except some are endorsed by First Franklin while others are not. *See* Dkt. # 55-1 (RJN) Ex. 1; Dkt. # 59-1 (Power Decl.) Ex. A; Dkt. # 82 (Hummel Decl.) Exs. A-B. Promissory notes are, of course, self-authenticating. *See United States v. Pang,* 362 F.3d 1187, 1191 (9th Cir.2004) (citing *United States v. Carriger,* 592 F.2d 312, 316 (6th Cir.1979)).

4. An endorsement in blank, of course, causes an instrument to become bearer paper, meaning that the holder becomes the person in possession of the instrument. *See* RCW 62A.3-301; 62A.1-205(b); *see also Zalac v. CTX Mortgage Corp.,* No. C12–01474 MJP, 2013 WL 1990728, at *3 (W.D.Wash. May 13, 2013). Here, it is uncontested that U.S. Bank is in possession of the Note and is therefore the holder.

5. Plaintiff appears to object to the authenticity of this document. *See* Dkt. # 80 at 6. Certified copies of a document actually recorded or filed in a public office are self-authenticating under Fed. R. Evid. 902(4). Although, Defendants have not provided a certified copy, they have offered to make one available if necessary. *See* Dkt. # 83 at 8; *see also United States v. Jaimes,* 297 F.Supp.2d 1254, 1257 n. 5 (D.Haw.2003). More to the point, Plaintiff provide no reason for the Court to doubt the document's authenticity. Plaintiff's objection is overruled.

6. Plaintiff requests that the Court strike this document as inadmissible because the signature is illegible and not notarized and because Jillian Jones-Peacock did not submit a declaration. *See* Dkt. # 80 at 5. The Court denies Plaintiff's request. Plaintiff provides no authority for striking this evidence. Plainly, the "Declaration of Ownership" complies with 28 U.S.C. § 1746 and Fed. R. Civ. P. 56(c) as it is made under the penalty of perjury. Moreover, Plaintiff provides no basis for the nonsensical proposition that Ms. Jones-Peacock must authenticate her own declaration.

January 2014, U.S. Bank, through SPS, named NWTS as the successor trustee under the Deed of Trust by recording an appointment of successor trustee with the Whatcom County Auditor. *See id.* Ex. 5. On July 1, 2014, NWTS issued a Notice of Default to Plaintiff regarding the Property, indicating that Plaintiff had been in default on the Note since February 1, 2012. *See id.* Ex. 6. The Notice of Default identified U.S. Bank as the "Note Owner" and SPS as the "Loan Servicer." *Id.* at 3. It indicated that Plaintiff was $155,176.99 in arrears. *See id.* at 2. Finally, on October 13, 2014, NWTS recorded a Notice of Trustee's Sale with the Whatcom County Auditor, setting a sale date of February 13, 2015. *Id.* Ex. 7. The Notice referenced both the Deed of Trust and the assignment from MERS to U.S. Bank. *See id.* at 2.

The bases for Plaintiff's claims principally focus on allegations that First Franklin was not licensed to do business in Washington State and therefore that it had no authority to act as a lender. *See* RFAC ¶ 14. MERS, Plaintiff further claims, is an improper, unlicensed beneficiary and LaSalle Bank did not record the Series 2007-FF1 mortgage loan asset-backed certificate in violation of RCW 65.08.070. *Id.* ¶¶ 15, 17-18. Plaintiff further claims that the Note and the Deed of Trust were not properly transferred, assigned, or recorded, or done so in violation of the Pooling & Servicing Agreement ("PSA") (*see id.* ¶¶ 24-25) and, as a result, that the Deed of Trust and the Note are invalid (*id.* ¶ 27). As a result, Plaintiff claims, none of the Defendants holds a secured claim against her and are somehow estopped from asserting an unsecured claim against her. *See id.* ¶ 37.

## III. LEGAL STANDARD

### a. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563, 127 S.Ct. 1955; *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006). The court may also consider evidence subject to judicial notice. *Ritchie*, 342 F.3d at 908.

### b. Motion for Summary Judgment

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the moving party will have the burden of

proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

## IV. ANALYSIS

### a. Plaintiff's "Wrongful Foreclosure Attempt" Claim

The Court begins with Plaintiff's claim for "Wrongful Foreclosure Attempts." *See* RFAC ¶¶ 40–56. Essentially, Plaintiff contends that Defendants have wrongfully attempted to foreclose on the Property. Nevertheless, Plaintiff does not—and cannot—allege that Defendants have actually completed a foreclosure sale. *See id.* ¶ 40 ("BOA, SPS, NWTS [sic] *have tried* to wrongfully foreclosure [sic] Plaintiff's property.") (emphasis added).

■■■ Of course, no cause of action exists for an *attempt* to wrongfully foreclose. To the contrary, Washington law does not recognize such a claim under the Deeds of Trust Act ("DTA"). *See Frias v. Asset Foreclosure Servs.*, 181 Wash.2d 412, 334

P.3d 529, 533 (2014) (en banc) (holding that the DTA "does not create a cause of action for violations of its terms in the absence of a completed foreclosure sale"). Simply put, after *Frias*, "there is no actionable, independent cause of action for monetary damages under the DTA based on DTA violations absent a completed foreclosure sale." *Meyer v. U.S. Bank Nat'l Ass'n*, 530 B.R. 767, 775–76 (W.D.Wash.2015) (quoting *id.* at 537).

■■■ Plaintiff does not dispute this point, instead arguing that she is bringing some sort of distinct claim for a violation of RCW 19.144.080. *See* Dkt. # 72 at 8; Dkt. # 80 at 9. Although that provision makes it unlawful to defraud or mislead a borrower during the process of creating a residential mortgage loan, it *does not* create a private right of action. *See Johnson v. JP Morgan Chase Bank N.A.*, No. 14–5607 RJB, 2015 WL 4743918, at *11 (W.D.Wash. Aug. 11, 2015); *Douglass v. Bank of Am. Corp.*, No. CV–12–0609–JLQ, 2013 WL 2245092, at *8 (E.D.Wash. May 21, 2013). Instead, the enforcement provision of Washington's Mortgage Lending and Homeownership Act provides that only "[t]he director or the director's designee may ... enforce, investigate, or examine persons covered by this chapter." RCW 19.144.120. In short, RCW 19.144.080 does not apply. With no other basis for this claim, Plaintiff's "Wrongful Foreclosure Attempt" claim fails.

### b. Plaintiff's "Lack of Standing" Claim

Plaintiff next alleges a claim for "lack of standing." *See* RFAC ¶¶ 57–74. Although somewhat unclear, Plaintiff appears to allege that Defendants cannot enforce the Deed of Trust or the Note for various reasons relating to MERS' presence on the Deed of Trust or that subsequent assignments of the Deed of Trust were invalid.

■ To begin, MERS' mere presence on the Deed of Trust does not invalidate that document. In fact, courts routinely reject arguments that MERS lacked authority to transfer a deed of trust when the relevant deed of trust includes language that MERS is a beneficiary "acting solely as a nominee for Lender and Lender's successors and assigns" (see e.g. Andrews v. Countrywide Bank, NA, 95 F.Supp.3d 1298, 1302 (W.D.Wash.2015)—language identical to that used here (see Dkt. # 55 (RJN) Ex. 2 at 2). Indeed, it is clear that "the mere fact MERS is listed on a deed of trust as a beneficiary is not itself an actionable injury." Bain v. Metro. Mortg. Grp., Inc., 175 Wash.2d 83, 285 P.3d 34, 52 (2012). Rather, in this situation, MERS is construed to be acting as a mere agent of the note holder. See Andrews, 95 F.Supp.3d at 1302.

■ Additionally, Plaintiff lacks standing to challenge any assignments of the Deed of Trust. It is well established that "a borrower generally lacks standing to challenge the assignment of its loan documents unless the borrower shows that it is at a genuine risk of paying the same debt twice." Andrews, 95 F.Supp.3d at 1301 (collecting cases). This also holds true as to Plaintiff's apparent attempt to challenge any appointment of a successor trustee. See Brodie v. Nw. Tr. Servs., Inc., No. 12–CV–0469–TOR, 2012 WL 6192723, at *2 (E.D.Wash. Dec. 12, 2012) (collecting cases holding that borrowers lack standing to challenge an allegedly fraudulent assign-

ment of a deed of trust or an appointment of a successor trustee).[7] Plaintiff does not allege any such risk.

■ Instead of actually trying to contest this point, Plaintiff argues that she "is under a duty to challenge the Assignment according to the terms of the Deed of Trust signed by Plaintiff" because of a contractual duty to defend title. See Dkt. # 80 at 12. But an assignment of a deed of trust is not a claim to title of the Property. See Bethesda Slavic Church v. Assemblies of God Loan Fund, No. C12–5175 BHS, 2012 WL 3023228, at *2 (W.D.Wash. July 24, 2012) ("Under RCW 7.28.230(1), deeds of trust and mortgages create only a secured lien on real property. They do not convey ownership or a right to possess.'"). In other words, her contractual obligation[8] simply does not apply.

Plaintiff's other theories also lack merit. For example, Plaintiff appears to allege that the Deed of Trust was assigned after the closing date for the securitized trust specified in the PSA. See RFAC ¶¶ 30, 58. But "the majority of Ninth Circuit courts have held that 'plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA.'" Alexander v. Wells Fargo Bank, N.A., No. C15–459RAJ, 2015 WL 5123922, at *3 (W.D.Wash. Sept. 1, 2015) (quoting Rockridge Tr. v. Wells Fargo, N.A., 985 F.Supp.2d 1110, 1155 (N.D.Cal.2013)). Likewise, Plaintiff's apparent "split the note" theory (see RFAC ¶ 58) has "no

---

7. Plaintiff cites Nieuwejaar v. Bank of Am., N.A., No. C14–0302–JCC, 2014 WL 3396047 (W.D.Wash. July 10, 2014) to argue that SPS could not validly appoint NWTS as a successor trustee. See Dkt. # 80 at 10-11. Nieuwejaar is easily distinguishable. In that case, MERS recorded an appointment of successor trustee when BOA was the holder of the note (see Nieuwejaar, 2014 WL 3396047 at *1) but here, U.S. Bank holds the original note and,

acting through its agent SPS, appointed NWTS as the successor trustee (see Dkt. # 59-1 (Power Decl.) Ex. C; Dkt. # 82 (Hummel Decl.) Ex. F).

8. The Court notes with some irony that Plaintiff fundamentally disputes the validity of the Note and Deed of Trust, but still relies upon it to support quiet title claim.

sound basis in law or logic" (*see Abram v. Wachovia Mortgage/Wells Fargo Bank FSB*, No. C12–1679JLR, 2013 WL 1855746, at *2 (W.D.Wash. Apr. 30, 2013) (citing *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044–45 (9th Cir.2011)).

Finally, Plaintiff argues that she suffered harm because of the securitization of her Note. *See* Dkt. # 80 at 13-15. To this end, Plaintiff cites to a string of inapposite (and non-binding) authority for the proposition that she has standing to challenge an assignment of the Note. *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 224–25 (5th Cir.2013) and *Culhane v. Aurora Servs. of Neb.*, 708 F.3d 282, 291 (1st Cir.2013), for example, applied Texas and Massachusetts law, respectively. Moreover, in both cases, the courts held that a borrower could not challenge an assignment that was merely voidable by the assignor, the same situation here. *See Reinagel*, 735 F.3d at 224; *Culhane*, 708 F.3d at 291. *Wells Fargo Bank, N.A. v. Erobobo*, 39 Misc.3d 1220(A), 2013 WL 1831799 (N.Y.Sup.Ct.2013), in turn, is simply no longer good law, even in its own jurisdiction. *See Wells Fargo Bank, N.A. v. Erobobo*, 127 A.D.3d 1176, 1178, 9 N.Y.S.3d 312 (N.Y.App.Div.2015) (holding that "a mortgagor whose loan is owned by a trust, does not have standing to challenge the plaintiff's possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the PSA").

*U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 941 N.E.2d 40 (2011) is inapposite for the simple reason that it applied Massachusetts law. Even beyond that, the facts of that case make it substantially distinguishable because there, the assignees of the mortgages purchased the subject properties at a foreclosure sale and filed complaints seeking a declaration that they had title to the properties in fee simple, whereas here Plaintiff, a borrower, seeks to challenge assignments to her deed of trust. *See also Sakala v. BAC Home Loans Servicing, LP*, No. CV 10–00578 DAE–LEK, 2011 WL 719482, at *7 (D.Haw. Feb. 22, 2011) (distinguishing *Ibanez*). In other words, the banks in *Ibanez* bore the burden of establishing their entitlement to relief, whereas here, it is Plaintiff who bears the burden.

Finally, Plaintiff leans heavily on *Glaski v. Bank of Am.*, 218 Cal.App.4th 1079, 160 Cal.Rptr.3d 449 (2013) for the proposition that a borrower may have standing to challenge the validity of a transfer of a note into a securitized trust. But "no California court has followed *Glaski* on this point, and many have pointedly rejected it." *Ogorsolka v. Residential Credit Sols., Inc.*, No. 2:14–CV–00078–RSM, 2014 WL 2860742, at *3 (W.D.Wash. June 23, 2014) (quoting *Yvanova v. New Century Mortg. Corp.*, 172 Cal.Rptr.3d 104, 110 (Cal.Ct. App.2014)); *see also Nan Hui Chen v. Deutsche Bank Nat'l Trust Co.*, No. 13–CV–3352 YGR, 2014 WL 6668785, at *6 (N.D.Cal. Nov. 24, 2014) (collecting cases and showing widespread and nearly unanimous disagreement with *Glaski*).

### c. Plaintiff's Fraud Claims

Next, Plaintiff appears to allege that the Defendants defrauded her by concealing the fact that her loan was going to be securitized or by misrepresenting their status as holder or owner of the Note or beneficiary of the Deed of Trust. *See* RFAC ¶¶ 75-95.

Fraud claims are subject to a three year statute of limitations. RCW 4.16.080(4); *see Aventa Learning, Inc. v. K12, Inc.*, 830 F.Supp.2d 1083, 1095 (W.D.Wash.2012). Plaintiff appears to allege that the Defendants concealed these facts when Plaintiff entered into the original loan. *See* RFAC

¶¶ 77 ("BOA knew or should have known that had the truth been disclosed, Plaintiff would not have entered into the Loans"). If so, then Plaintiff's claims are clearly time-barred as she executed the Note in November 2006 and filed this Action in January 2015. *See* RFAC ¶ 14.

Nevertheless, Plaintiff argues that her claims are not time barred because the discovery rule applies. *See* Dkt. # 80 at 12. Specifically, Plaintiff claims that she could not have discovered the alleged fraud until, apparently, January 2014 when an appointment of successor trustee was recorded. *See id.*

 Of course, despite invoking the discovery rule, Plaintiff does not provide any basis for applying it. In Washington, "[a] cause of action accrues when the plaintiff knew or should have known all the facts underlying the essential elements of the action." *Aventa Learning*, 830 F.Supp.2d at 1095 (citing *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158 Wash.2d 566, 146 P.3d 423, 428 (2006); *Reichelt v. Johns–Manville Corp.*, 107 Wash.2d 761, 733 P.2d 530, 534 (1987)). Thus, "when a plaintiff is placed on notice by some appreciable harm occasioned by another's wrongful conduct, the plaintiff must make further diligent inquiry to ascertain the scope of the actual harm." *Id.* at 1095–96 (citing *Green v. A.P.C.*, 136 Wash.2d 87, 960 P.2d 912, 916 (1998)). And, most importantly, "[t]he plaintiff is charged with what a reasonable inquiry would have discovered." *Id.* at 1096.

 Plaintiff's fraud claims are not saved by the discovery rule. To the extent that Plaintiff's claims stem from MERS being named as an allegedly improper beneficiary in the Deed of Trust, Plaintiff executed Deed of Trust in *November 2006*. *See* Dkt. # 55 (RJN) Ex. 2. Moreover, MERS assigned its interest in the Deed of Trust to U.S. Bank in July 2011 and re-

corded that instrument soon thereafter. *See id.* Ex. 3. Clearly, if Plaintiff claims that she was injured by the securitization of her loan (*see* RFAC ¶ 76), then MERS' inclusion as a beneficiary on the Deed of Trust should have placed her on notice. Or, if Plaintiff premises these claims on allegations that MERS lacked any authority to assign any beneficial interest to U.S. Bank, which later delegated authority to SPS and NWTS to initiate foreclosure proceedings, then she fails to explain how MERS' public recording of the assignment in July 2011 did not similarly put her on notice.

 Even putting these aside, Plaintiff's own allegations reveal that she received notice and suffered appreciable harm outside the limitations period. What appears to have precipitated this litigation is BOA's transmission of a "Notice of Intent to Accelerate" to Plaintiff on January 3, 2012. *See* RFAC ¶ 41. At that juncture, Plaintiff undoubtedly was on notice—assuming her allegations are true—of the allegedly unlawful scheme. Accepting that date as the date of accrual, Plaintiff's Complaint was not timely filed on January 30, 2015. *See* Dkt. # 1.

### d. Plaintiff's Intentional Infliction of Emotional Distress Claim ("IIED")

Next, Plaintiff appears to bring a claim for IIED against Defendants premised on alleged misrepresentations regarding their right to foreclose on the Property. *See* RFAC ¶¶ 96–107.

 "The tort of outrage requires the proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Vawter v. Quality Loan Serv. of Wash.*, 707 F.Supp.2d 1115, 1128 (W.D.Wash.2010) (quoting *Kloepfel v. Bokor*, 149 Wash.2d 192, 66 P.3d 630, 632

(2003)). "The first element requires proof that the conduct was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Robel v. Roundup Corp.*, 148 Wash.2d 35, 59 P.3d 611, 619 (2002)).

■ In this instance, Plaintiff only alleges that Defendants misrepresented their right to foreclose on the Property and subsequently initiated foreclosure proceedings. *See* RFAC ¶¶ 96-107. Whatever the veracity of these allegations, Defendants' "alleged conduct threatened only plaintiff's financial wellbeing: there were no physical threats, emotional abuse, or even embarrassment/indignities aimed at plaintiff." *See Bell v. F.D.I.C.*, No. C09–0150RSL, 2010 WL 113996, at *1 (W.D.Wash. Jan. 7, 2010). As a result, they do not rise to the level sufficient to sustain a claim for IIED.

### e. Plaintiff's Slander of Title Claim

■ Plaintiff also brings a slander of title claim against Defendants. *See* RFAC ¶¶ 108-116. She alleges, generally, that Defendants' actions in seeking to foreclose on the Property were fraudulent because they, apparently, do not have any right or interest in the Property. *See id.* ¶¶ 109-110.

■ In order to establish a claim for slander of title, Plaintiff must show "that the words concerning the property (1) must be false; (2) must be maliciously published; (3) must be spoken with reference to some pending sale of the property; (4) must result in pecuniary loss or injury to the claimant; and (5) must be such as to defeat the plaintiff's title." *Schwab v. City of Seattle*, 64 Wash.App. 742, 826 P.2d 1089, 1092 (Wash.Ct.App.1992) (citing *Pay'n Save Corp. v. Eads*, 53 Wash.App. 443, 767 P.2d 592, 595 (1989)). "Malice is

not present where the allegedly slanderous statements were made in good faith and were prompted by a reasonable belief in their veracity." *Brown v. Safeway Stores, Inc.*, 94 Wash.2d 359, 617 P.2d 704, 713 (1980) (citing cases).

■ Beyond the fact that the statements in the Notice of Default and Notice of Trustee's Sale do not appear to be false, courts have routinely dismissed claims similar to Plaintiff's. Generally speaking, the "initiation of foreclosure proceedings cannot form the basis of a slander of title claim." *Beaton v. JPMorgan Chase Bank N.A.*, No. C110872 RAJ, 2012 WL 909768, at *3 n. 5 (W.D.Wash. Mar. 15, 2012) (citing *Krienke v. Chase Home Fin., LLC*, 140 Wash.App. 1032, 2007 WL 2713737, at *5 (Wash.Ct.App. Sept. 18, 2007)). This is because, generally, such statements do not rise to the level of malice. *See e.g., Ringler v. Bishop White Marshall & Weibel, PS*, No. C13–5020BHS, 2013 WL 1816265, at *2 (W.D.Wash. Apr. 29, 2013); *Tuttle v. Bank of New York Mellon*, No. C11–1048–RSM, 2012 WL 726969, at *6 (W.D.Wash. Mar. 6, 2012). Plaintiff provides no reason why this case is any different.

### f. Plaintiff's Quiet Title Claim

■ Next, Plaintiff seeks to quiet title to the Property. *See* RFAC ¶¶ 117-125.

■ Plaintiff's claim fails for several reasons. First, in order to quiet title, a plaintiff must allege facts showing that he has satisfied his obligations under the deed of trust. *See Evans v. BAC Home Loans Servicing LP*, No. C10–0656 RSM, 2010 WL 5138394, at *4 (W.D.Wash. Dec. 10, 2010). But Plaintiff does not do so here. To the contrary, Plaintiff conspicuously avoids discussing or disputing her default. Plaintiff responds only by citing *Glaski* and arguing that she did not need to tender payment because of an allegedly fraudu-

lent securitization of her Note. *See* Dkt. # 80 at 20. But, as discussed, *supra*, *Glaski* has been roundly rejected by other courts. This Court does the same.

■■■ Second, a quiet title action may only be brought "against the person claiming the title or some interest therein." Wash. Rev. Code § 7.28.010. "[T]he plaintiff in an action to quiet title must prevail, if he prevails at all, on the strength of his own title, and not on the weakness of the title of his adversary." *City of Centralia v. Miller*, 31 Wash.2d 417, 197 P.2d 244, 247 (1948). "A deed of trust creates a lien on real property, but it does not convey title to the lender." *Young v. Nw. Trustee Servs. Inc.*, No. C14–1807 MJP, 2015 WL 1062047, at *2 (W.D.Wash. Mar. 11, 2015) (citing Wash. Rev. Code § 61.24.020; *Rustad Heating & Plumbing Co. v. Waldt*, 91 Wash.2d 372, 588 P.2d 1153, 1155 (1979)). In short, none of the Defendants are claiming a current right to the Property. Instead, Plaintiff's allegations merely show that the Defendants are trying to foreclose on the Property by enforcing their lien.

### g. Plaintiff's Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA") Claims

Plaintiff also brings claims for violations of TILA and RESPA. *See* RFAC ¶¶ 135-141. Plaintiff claims, *inter alia*, that Defendants violated TILA and RESPA because they failed to provide her with material disclosures required under TILA. *See id.* ¶ 136. It appears that Plaintiff is seeking monetary relief in connection with these claims. *See id.* ¶¶ 139, 141.

■■■ Claims for damages under TILA are subject to a one year statute of limitation. *See Lyons v. Homecomings Fin. LLC*, 770 F.Supp.2d 1163, 1166 (W.D.Wash.2011) (citing 15 U.S.C. § 1640(e)). "Absent equitable tolling, the statute of limitations begins on the date the loan transaction is consummated." *Wallis v. IndyMac Fed. Bank*, 717 F.Supp.2d 1195, 1202 (W.D.Wash.2010) (citing *King v. State of California*, 784 F.2d 910, 915 (9th Cir.1986)). "RESPA sets forth one- and three-year statutes of limitations, depending on the statutory provisions under which the alleged violations occur." *Westcott v. Wells Fargo Bank, N.A.*, 862 F.Supp.2d 1111, 1116 (W.D.Wash.2012) (citing 12 U.S.C. § 2614).

The loan transaction was consummated in November 2006, but her Complaint was not filed until January 2015. *See* RFAC ¶ 14. Plaintiff provides no reason why her claims should be equitably tolled—in fact, her oppositions do not even dispute that these claims are barred by the relevant statutes of limitation. *See* Dkt. # 72 & 80. As such, Plaintiff's TILA and RESPA claims are time barred.

### h. Plaintiff's Declaratory Relief Claim

■■■ Finally, Plaintiff includes a claim for declaratory relief. *See* RFAC ¶¶ 126-134. Plaintiff's intent, it appears, is for the Court to issue a declaration regarding the validity of her loan or, more pressingly, Defendants' right to foreclose on the Property and to collect payment from Plaintiff. *See id.*

■■■ "It is well established that the Declaratory Judgment Act 'does not create an independent cause of action.'" *Del Monte Int'l GmbH v. Del Monte Corp.*, 995 F.Supp.2d 1107, 1124 (C.D.Cal.2014) (quoting *Chevron Corp. v. Camacho Naranjo*, 667 F.3d 232, 244–45 (2d Cir.2012)). As such, in the absence of a substantive cause of action, the Court cannot grant declaratory relief. *See Bisson v. Bank of Am., N.A.*, 919 F.Supp.2d 1130, 1139 (W.D.Wash.2013). Because the Court will

dismiss each of Plaintiff's other claims with prejudice, it must dismiss Plaintiff's declaratory relief claim as well.

## V. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Defendants' Motions. Dkt. # 54, 56, 58. Plaintiff's claims against NWTS and BOA are **DISMISSED with prejudice.** The Court further **GRANTS summary judgment** in favor of MERS and SPS.

With respect to Plaintiff's claims against NWTS and BOA, the Court finds that because they are not merely factually deficient, but fail as a matter of law, it would be futile to permit Plaintiff yet another chance to amend her complaint. As such, her claims against NWTS and BOA are dismissed with prejudice. *See Gardner v. Martino,* 563 F.3d 981, 990 (9th Cir.2009).

With respect to Plaintiff's claims against SPS and MERS, the Court finds that Plaintiff has not shown a genuine issue of material fact exists as to any of them. Instead, each of Plaintiff's claims against SPS and MERS suffer from fundamental and fatal legal defects. As such, SPS and MERS are entitled to judgment as a matter of law.

The Clerk to close this case.