NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA SAEPOFF, | Nos. 20-36031 |
| | 21-35017 |
| Plaintiff-Appellant, | |
| | D.C. No. 2:17-cv-00957-RSL |
| v. | |
| | |
| HSBC BANK USA, N.A., as Trustee for Ace | MEMORANDUM[*] |
| Securities Corp. Home Equity Loan Trust | |
| 2007-WM2; et al., | |
| | |
| Defendants-Appellees, | |
| | |
| and | |
| | |
| NORTH CASCADE TRUSTEE SERVICES, | |
| INC.; JOHN DOES, 1-20, | |
| | |
| Defendants, | |
| | |
| UNITED STATES OF AMERICA, | |
| | |
| Counter-defendant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 10, 2022[**]
Portland, Oregon

Before:  TALLMAN and CHRISTEN, Circuit Judges, and BLOCK,[***] District Judge.

Jessica Saepoff appeals the district court's orders dismissing her claims against Defendants-Appellees, denying reconsideration, granting summary judgment for Defendant-Appellee HSBC Bank, and awarding attorney fees and costs to Defendants-Appellees.

We review de novo the district court's orders dismissing Saepoff's claims on the pleadings under Federal Rule of Civil Procedure 12(c), *see Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011), and granting summary judgment for HSBC, *see Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 528 (9th Cir. 1998).  The district court's orders denying reconsideration and awarding attorney fees are reviewed for abuse of discretion.  *See Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017); *Siegel*, 143 F.3d at 528.  We affirm.[1]

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

[1]    We DENY Saepoff's motion to supplement the record on appeal and for judicial notice (Dkt. 38), as it improperly seeks to introduce documents that were not before the district court at the time it ruled, are not appropriate subjects

1.	The district court properly dismissed Saepoff's action on the pleadings for failing to state valid claims for relief.  Several of Saepoff's claims are not cognizable.  First, Revised Code of Washington § 19.144.080 does not confer a private right of action for Saepoff's mortgage fraud claim.  *See* Wash. Rev. Code § 19.144.120; *see also Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 805 (W.D. Wash. 2016), *aff'd*, 740 F. App'x 142 (9th Cir. 2018).  Second, because Saepoff based her quiet title claim, *see* Wash. Rev. Code § 19.144.090(5), only on the mortgage fraud theory, it too fails.  Finally, Saepoff's standalone Consumer Loan Act claim fails because there is no private right of action for violations under § 31.04.027.  *See id.* §§ 31.04.165, .168, .205, .208.

Three- and four-year statutes of limitations apply to Saepoff's fraudulent misrepresentation and Consumer Protection Act (CPA) claims respectively.  *See id.* §§ 4.16.080(4), 19.86.120.  In Washington, "a cause of action may accrue for purposes of the statute of limitations if a party *should have* discovered salient facts regarding a claim."  *Green v. A.P.C.*, 960 P.2d 912, 915 (Wash. 1998) (en banc).  Washington courts permit constructive notice, and "[o]ne instance in which actual discovery will be inferred is where the facts constituting the fraud were a matter of public record."  *Shepard v. Holmes*, 345 P.3d 786, 790 (Wash. Ct. App. 2014).

for judicial notice, or are duplicative of documents already in the record on appeal. *See* Fed. R. Evid. 201.

"Thus, the statute of limitations begins to run from the date of the recording of the instrument." *W. Wash. Laborers-Emps. Health & Sec. Tr. Fund v. Harold Jordan Co., Inc.*, 760 P.2d 382, 385 (Wash. Ct. App. 1988).

The district court properly found Saepoff's CPA and fraudulent misrepresentation claims time barred. As Saepoff's own complaint recites, she executed the Deed of Trust and Note on November 2, 2006, and Ocwen recorded the Assignment of Deed of Trust from MERS to HSBC on August 5, 2011. She filed suit pro se on April 25, 2016. The causes of action would have existed on the date that Ocwen recorded the allegedly invalid Assignment of Deed of Trust on behalf of MERS and HSBC in 2011, and Saepoff did not timely file suit within the pertinent statutes of limitations. *See Shepard*, 345 P.3d at 790–91; *Harold Jordan Co., Inc.*, 760 P.2d at 385. Dismissal was appropriate because the operative complaint contains "a detailed account of the procedural history of the case, reciting the chronology of what happened at each stage," and all facts necessary to decide when Saepoff's causes of action accrued are in the record. *Estate of Blue v. County of L.A.*, 120 F.3d 982, 984 (9th Cir. 1997).

Finally, the district court did not err in dismissing Saepoff's associated claims for declaratory relief. Saepoff argues that the district court resolved factual questions against her in determining whether she brought her claims within a "reasonable time." Because a claim stemming from a written contract accrues on

4

the date of the breach, the district court did not err in finding the claims time barred because Saepoff in essence claimed the Note and Deed of Trust were invalid ab initio—in 2006. *See Schreiner Farms, Inc. v. Am. Tower, Inc.*, 293 P.3d 407, 411–12 (Wash. Ct. App. 2013). Nor did the district court err in dismissing these claims on the merits. Her mortgage fraud claim fails as a matter of law, and she lacked standing to challenge the assignment of the loan documents because she did not allege a genuine risk of paying the same debt twice. Without a substantive cause of action, declaratory relief is improper.

Accepting all factual allegations in Saepoff's operative complaint as true, Defendants-Appellees are still entitled to judgment as a matter of law. *See Chavez v. United States*, 683 F.3d 1102, 1108–09 (9th Cir. 2012).

2.      Saepoff maintains the district court committed clear and manifest error in applying the statute of limitations to dismiss her mortgage fraud, CPA, and declaratory relief claims, and therefore reconsideration under Federal Rule of Civil Procedure 60(b)(6) was warranted. But "Rule 60(b) relief should be granted 'sparingly' to avoid 'manifest injustice' and '*only* where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Navajo Nation*, 876 F.3d at 1173 (citation omitted). Here, the district court did not err in denying reconsideration because dismissal on the pleadings was legally proper, and Saepoff alleged no other basis for relief in her

5

motion. *See id.* ("Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." (citation omitted)).

3.       Saepoff alleges that factual issues preclude summary judgment of foreclosure for HSBC based on the endorsement of the Note and that HSBC's motion was not supported by a legally sufficient affidavit. Saepoff does not dispute she owes a debt, stopped making payments around July 2010, and still has not paid off the loan. While she claimed she "tendered pay-off of the Note in the amount of $516,365.03," she later admitted that she never transmitted that money to the loan servicer or HSBC.

In Washington, the "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" is the "holder" and may enforce a negotiable instrument like a promissory note. Wash. Rev. Code §§ 62A.1-201(b)(21)(A), 62A3-301; *see also Brown v. Wash. Dep't of Com.*, 359 P.3d 771, 778–79 (Wash. 2015) (en banc). "[I]t is the holder of a note who is entitled to enforce it. It is not necessary for the holder to establish that it is also the owner of the note secured by the deed of trust." *Deutsche Bank Nat. Tr. Co. v. Slotke*, 367 P.3d 600, 604 (Wash. Ct. App. 2016). Foreclosure is the legal remedy for default under the Note and Deed of Trust, which Saepoff signed. The declarations attached to HSBC's motion for summary judgment

6

confirming physical possession of the original Note are legally sufficient. *See id.*;
*cf.* Wash. Rev. Code § 61.24.030(7)(a) ("A declaration by the beneficiary made
under the penalty of perjury stating that the beneficiary is the holder of any
promissory note or other obligation secured by the deed of trust shall be sufficient
proof as required [for a nonjudicial foreclosure/trustee's sale]."). Further, Saepoff
never disputed that the original Note attached to HSBC's motion for summary
judgment was not the Note that she signed. As a matter of law, HSBC is entitled to
enforce the debt through foreclosure. *See Slotke*, 367 P.3d at 606.

4.     The district court carefully considered the *Nken v. Holder* factors and
used its discretion to deny Saepoff's request to stay ruling on Defendants-
Appellees' motion for attorney fees. *See* 556 U.S. 418, 433–34 (2009). On the
merits, Saepoff did not object to Defendants-Appellees' claimed amounts for
attorney fees and costs. The district court acted well within its discretion in
awarding reasonable costs and fees after explaining Defendants-Appellees'
entitlement to fees, analyzing the reasonableness of the rates and hours claimed,
and applying the lodestar.

**AFFIRMED.**

Costs on appeal are awarded to Defendants-Appellees.