NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICK LEONARD TIERNEY,

Plaintiff-Appellant,

v.

CARRINGTON MORTGAGE SERVICES, LLC; et al.,

Defendants-Appellees.

No.    22-35221

D.C. No. 2:20-cv-01245-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted February 17, 2023[**]
Seattle, Washington

Before:  W. FLETCHER, PAEZ, and VANDYKE, Circuit Judges.

Patrick Tierney appeals the district court's grant of summary judgment to

defendants Bank of New York Mellon ("BNYM") and Aztec Foreclosure

Corporation ("Aztec").  This case arises from a mortgage loan that Tierney and his

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

now deceased wife obtained in 2004 from Mortgage Loan Investment Lending Associates ("MILA"). The loan was comprised of a note secured by a deed of trust ("2004 Tierney Note"), which encumbered the Tierneys' house. In August 2011, the deed was assigned to BNYM. It is undisputed that BNYM now holds the note.[1] BNYM subsequently retained Carrington Mortgage Services ("Carrington") to service the loan.

When Tierney fell behind on his monthly payments, Carrington contracted with Aztec to serve as the foreclosure trustee and commence a non-judicial foreclosure on the Tierneys' property.[2] On August 27, 2019, Tierney found a notice taped to his door titled: "Notice Required by the Fair Debt Collections Practices Act," which stated that he owed $153,693.34 to Carrington as servicer for BNYM. On October 25, 2019, Aztec issued a Notice of Default. On December 6, 2019, Aztec issued a Notice of Foreclosure and Notice of Trustee's Sale.

---

[1] Although Tierney makes much of the chain of title, including suggesting that BNYM fraudulently obtained the deed after MILA filed for bankruptcy, the discussion has no bearing on Tierney's claims. Because fraud was not a claim asserted in the complaint, the district court did not address it and neither do we.
[2] While preparing for the foreclosure, Aztec and Carrington concluded there had been a vesting error in the chain of title, and the deed had been assigned in the wrong name. A new assignment was thus created from BNYM f/k/a the Bank of New York as Trustee for the Benefit of the *Certificateholders* of the CWABS Inc., Asset-Backed Certificates, Series 2004-5 to BNYM f/k/a/ The Bank of New York as Trustee for *Registered Holders* of CWABS, Inc., Asset-Backed Certificates, Series 2004-5 on August 19, 2019.

Despite Tierney's repeated requests to postpone the sale, Carrington and Aztec refused to postpone past July 24, 2020. Tierney then filed this action and obtained a temporary restraining order in state court. The defendants ultimately removed the case to federal court, where the district court granted a preliminary injunction.

All parties filed motions for summary judgment. The district court denied Tierney's motion and granted the defendants' motions on all but one claim against Carrington.[3] Tierney appeals the district court's rulings on the four claims discussed below. We have jurisdiction under 28 U.S.C. § 1291. A district court's grant of summary judgment is reviewed de novo. *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 685 (9th Cir. 2017). We affirm.

**1. Declaratory and Injunctive Relief.** Tierney seeks a judicial declaration clarifying the legality of BNYM's acquisition of the 2004 Tierney Note, because if the assignments were invalid as he contends, BNYM cannot seek non-judicial foreclosure. The district court correctly held that borrowers only have standing to challenge the assignment of a loan if they are at a genuine risk of paying the same debt twice. *See, e.g.*, *Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 806 (W.D. Wash. 2016), *aff'd* 740 F. App'x 142 (9th Cir. 2018); *Andrews v.*

---

[3] Tierney and Carrington have since reached a settlement, and no claims against Carrington remain on appeal.

*Countrywide Bank, NA*, 95 F. Supp. 3d 1298, 1301–02 (W.D. Wash. 2015).

Tierney expressly states he is not "at risk of paying the debt twice," so he lacks standing to seek declaratory and injunctive relief.[4]

**2. Fair Debt Collection Practices Act ("FDCPA") Claim.** To bring a claim under the FDCPA, the plaintiff must show that the defendant is a "debt collector" under 15 U.S.C. § 1692a(6). *See Wheeler v. Premiere Credit of N. Am.*, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015) (citing *Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004)). Tierney appeals the district court's holding that Aztec is not a debt collector. The problem, however, is that Tierney failed to plead an FDCPA claim against Aztec; he named only Carrington and BNYM in his complaint. This appears to have been an oversight, as Tierney consistently refers to "Carrington's and *Aztec*'s FDCPA Violations" throughout his summary judgment briefing. While Aztec noticed Tierney's mistake, called out the improper

---

[4] On appeal, Tierney improperly raises several new arguments about the legality of the 2004 Tierney Note based on unsupported allegations about the note's ownership. *See, e.g.*, *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001). Because Tierney lacks standing to seek declaratory and injunctive relief, we do not need to address these arguments. But even if Tierney could properly assert such arguments, they are irrelevant: to enforce a note, a beneficiary need only be the holder—not the owner—of the note. *See, e.g.*, Wash. Rev. Code § 62A.3-301; *Brown v. Wash. State Dep't of Com.*, 359 P.3d 771, 773 (Wash. 2015). A trustee commencing foreclosure is entitled to rely on the beneficiary's declaration of its holder status. *See* Wash. Rev. Code § 61.24.030(7)(a); *Bain v. Metro. Mortg. Grp.*, 285 P.3d 34, 36–37 (Wash. 2012). Here, BNYM holds the note and provided a sufficient declaration to Aztec.

pleading, and explained that it is not a debt collector under the statute, it does not appear that the district court noticed Tierney's mistake. The district court did not mention Aztec in its analysis of the FDCPA claim.

Although it is not clear whether Tierney properly pled an FDCPA claim against Aztec, even if he had, the claim would fail as a matter of law. In *Obduskey v. McCarthy & Holthus LLP*, the Supreme Court held that an entity "principally involved in 'the enforcement of security interests' is *not* a debt collector except for the purpose of section 1692f(6)." 139 S. Ct. 1029, 1033 (2019) (emphasis in original, cleaned up). One basis for the Court's decision was that "Congress may well have chosen to treat security-interest enforcement differently from ordinary debt collection in order to avoid conflicts with state nonjudicial foreclosure schemes." *Id.* at 1037. Moreover, we have previously held that "actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." *Vien-Phuong Thi Ho v. ReconTrust Co.*, 858 F.3d 568, 572 (9th Cir. 2017). Given this precedent, Aztec is not a debt collector under the FDCPA. Thus, the district court correctly concluded that Tierney failed to demonstrate that any defendants are debt collectors, so his FDCPA claim fails.

**3. Consumer Protection Act ("CPA") Claim.** To state a claim under Washington's CPA, a plaintiff must establish injury to his business or property.

*See Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). On appeal, Tierney argues that he lost equity in his home because he was prevented from taking alternative action to avoid foreclosure, but he points only to the state court's issuance of a temporary restraining order as evidence that, but for defendants' actions, he could have taken alternative action in lieu of foreclosure. Tierney does not explain what he could have done if he had received a timely notice that the foreclosure continuance was denied, and absent a more detailed showing of injury, he has not supported that claim with sufficient evidence. *See Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1191 (Wash. 2013) (noting specific evidence the plaintiff presented to show the creditor would have postponed the sale). The CPA claim thus fails.[5]

---

[5] For the first time at summary judgment, Tierney alleged that fees added to his loan in the Notice of Default and Notice of Trustee's Sale constituted injury under the CPA. The district court correctly concluded Tierney could not assert injuries for the first time at summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On appeal, Tierney continues to argue that "[f]ees added to a loan, even if never paid, also constitute an injury under the CPA." Even if Tierney had properly alleged this injury, Washington law provides only that "expenses incurred in investigating" a fee's "legality may be compensable." *Frias v. Asset Foreclosure Servs. Inc.*, 334 P.3d 529, 538 (Wash. 2014); *see also Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 901–02 (Wash. 2009) (consulting an attorney to institute a CPA claim is insufficient to show injury). Here, Tierney testified that he has not incurred any out-of-pocket expenses, and because he has not alleged that fees assessed against him were illegal or that he incurred costs in investigating their legality, he has failed to provide evidence of injury in this regard.

**4. Negligence Claim.** Finally, Tierney argues that the district court erred in granting summary judgment to the defendants on his negligence claim. The district court granted summary judgment for two reasons: (1) because there is no cause of action for monetary damages under the Deed of Trust Act ("DTA") absent a completed foreclosure sale (which did not occur here); and (2) because Tierney failed to make a substantial showing of damages, which is an essential element of a negligence claim. While it is true that an action under the DTA requires a completed foreclosure sale, *Frias v. Asset Foreclosure Servs. Inc.*, 334 P.3d 529, 537 (Wash. 2014), Tierney associated his negligence claim in his complaint and summary judgment briefing with the CPA, which does not have such a requirement. *Id.* at 537–38. The district court's analysis on this issue was thus improper. Nevertheless, because we have already concluded that Tierney failed to show damages under the CPA and Tierney presented no additional evidence of damages for his negligence claim, the district court did not err in granting summary judgment on this claim on that basis. We thus do not address Tierney's appellate arguments about duty under any statute or common law.

**AFFIRMED.**